THE HARTFORD FIRE INSURANCE COMPANY *against* The inhabitants of the town of HARTFORD.

Bank stock, the property of the *Hartford Fire Insurance* Company, a corporation having no local limits, but required by its charter to keep, and actually keeping its office in the city of *Hartford*, not taxable in the town of *Hartford*.

Such corporation is not an *inhabitant* of the town of *Hartford*, within the meaning of the statute providing for the collection of taxes.

AT the session of the General Assembly, in *May*, 1810, the plaintiffs were incorporated, with the usual powers of a body politic, including the power to purchase and hold " bank stock of any bank within the *United States*." The second section of the charter provided, that the capital stock of the company should be 150,000 dollars, to be divided into shares of 50 dollars each, of which ten *per cent.* should be paid within sixty days, and the residue secured by mortgage of real estate, or by indorsed notes. The ninth section provided, that the corporation should keep their office in the city of *Hartford ;* and should have power to make insurance on dwelling-houses, or other buildings, on ships and vessels of every description, while in port, and on the stocks, also on goods, chattels, wares and merchandize, and other personal estate, and should be liable to make good and pay to the several persons, who should be so insured, for all the losses they might sustain by fire ; provided, that the stockholders should not be liable beyond the property vested in the capital and funds of the corporation. The eleventh section authorized the directors, once in six months, to make such dividend of the profits as they should think proper. Immediately after the granting of the charter, the company established their office in the city and town of

*New-Haven,*
June,
1819.

Barber
*v.*
Brace.

*June* 15.

New-Haven,
June,
1819.

Hartford Fire
Insurance
Company
v.
Town of
Hartford.

*Hartford*, where it has since remained. On the 20th of *August* 1815, and for a considerable time before and afterwards, the company were the owners of 30,000 dollars of the stock of the *Hartford* bank ; which they omitted to put into the list of that year, after legal notice from the listers to the inhabitants of the town of *Hartford*, to bring in their lists. In consequence of this omission, the listers put such stock into the list, at its fourfold rate, giving notice thereof to the company ; and, at the proper time, returned the list of the town, including the bank stock of the company, so four-folded, to the town-clerk, and to the comptroller of public accounts. The inhabitants of the town of *Hartford*, at a subsequent legal meeting, voted to levy and collect, upon the list of 1815, a tax of five cents on the dollar ; which was accordingly made out, including the sum of 1,58 dollars, 40 cents, as the tax of the company upon their bank stock. In 1816, the town collector, by virtue of a warrant for that purpose, collected this sum of the company, by the sale of their bank stock, and paid over the amount to the town treasurer. On the 20th of *August*, 1815, and afterwards, until the tax was collected and paid over, sundry stockholders of the company were inhabitants of other towns in this state than *Hartford*; 120 shares being owned by inhabitants of *New-Haven*, 40 by inhabitants of *Windsor*, 40 by inhabitants of *Norwich*, and 100 by inhabitants of *New-London*.

In an action of *indebitatus assumpsit*, the plaintiffs sought to recover back the money so taken from them ; and the question was, whether from these facts, they were entitled to recover. By agreement of parties, the case was reserved for the consideration of all the Judges.

*N. Smith* and *Mitchell* for the plaintiffs. The bank stock constitutes a part of the capital of the company : taxing the former is indirectly taxing the latter. Now, there is no clause in the charter of incorporation, requiring the capital stock to be put into the list. There is no ratio, by which it is to be taxed. Had the capital been put out on loan, it is not contended, that it could be taxed as money at interest. The legislature considered this capital at *hazard*, as well as *pledged* to the *assured* for their *indemnity* ; and therefore, did not consider it as a proper subject of taxation. If so, why is it not provided, as in case of bank stock,—that the capital of this corporation shall be put into the list at a certain ratio ? No corpo-

New-Haven,
June,
1819.

Hartford Fire
Insurance
Company
v.
Town of
Hartford.

ration of this kind ever carried in a list, nor was it ever deemed the duty of the listers to four-fold. The charter has authorised the corporation to pledge 150,000 dollars, to pay losses insured against. This sum they are authorised to vest in bank stock, or otherwise ; and to this amount the company are made liable to pay. Such are the terms, which the legislature has held out to the public; and upon the credit of this fund the public takes contracts from the corporation. After this pledge, thus given, the fund cannot be diverted. If the directors should divide upon the capital stock, they would be liable for a breach of trust. The legislature have no more power to do this than the directors. They cannot revoke the charter in part, by subjecting the capital to indefinite taxation. This fund is not only pledged, but becomes *a vested interest* to the *extent* of any loss, in the hands of the assured ; and this loss may have been incurred at the very moment the tax is levied on the stock. It cannot, then, be supposed the intention of the legislature to tax this stock indirectly, when they would not do it directly ; to tax its capital as bank stock, when they have not done it, loaned out to individuals.

The absurdities to which the taxing of the bank stock of the company would lead, shew it clearly not the intention of the legislature. This stock becomes blended in the general mass of the capital stock ;—each stockholder of the company stock owns fractional parts of the bank stock : so that the general provisions of the statutes regulating taxes, cannot be carried into effect with reference to a separate taxation of bank stock of this corporation. These statutes, made in *pari materia,* must be construed so that all may have effect, if possible. If they cannot all have effect, then this charter, whether a private grant, or private *act*, being last in point of time, if inconsistent, must be deemed an exception to the general law ; and taken out of its provisions. It is an important object of the statutes respecting taxes, that each town shall have the benefit of the property belonging to its inhabitants, for the purpose of defraying the expenses incident to the town and its minor corporations. The town, ecclesiastical, school, and highway taxes are all laid upon the list given in by the inhabitants living within the local limits of the town. Upon this list the school fund is apportioned to each town. It is important, then, that each town should have the property of its inhabitants listed at home ; and the court will give such a con-

*New-Haven,*
*June,*
1819.

Hartford Fire
Insurance
Company
*v.*
Town of
Hartford.

struction to the charter as will not be inconsistent with this object. If this corporation is located in a particular town, and there taxable for bank stock; it is doing injustice to those other towns, whose inhabitants are stockholders, which can derive no benefit from this stock. It is stated in the motion, that many of the stockholders do in fact live not in *Hartford*, but in other towns. This operates unjustly, not only as to the towns where the stock is owned, but also as to particular parts of the town where it is claimed it should be taxed. The town of *Hartford* includes minor corporations, *viz.* highway, district, ecclesiastical, and school societies. The expense of each minor corporation is levied upon the list of that portion of the inhabitants belonging to it. Now, it is contended, that the *Hartford Fire Insurance Company* is located in *Hartford*. How is it to be taxed, as it respects its minor corporations? The corporation being in *Hartford*, is coextensive with the limits of *Hartford ;* and yet it is contended, that it must be taxed in that section, where the office is kept. This office is kept in the first ecclesiastical society, in the first school society, and in the north highway district. All the taxes on this stock have been appropriated to the benefit of these societies; while many of the stockholders live in and belong to other societies in the same town; and these societies are cut off from the benefit of this tax. To tax the corporation in that section where the office is kept, is making the officiating officer who discharges the duties of the company the representative of the corporation.

The counsel then contended, that the corporation has no local residence in any particular town. It is directed to keep an office in *Hartford ;* but the citizens in different parts of the state are incorporated. The office is merely the *place* of making insurance, but not the residence of the corporation.—Though it has a local residence, that is the state at large, and not any particular section of it.

The terms of the statute concerning listers, shew, that this corporation was not contemplated to be taxed. The statute requires, the *inhabitants* of the several towns to give in their list, and requires the listers to give notice to all *persons liable* to give in their lists ; *i. e.* all *persons* who are *inhabitants*, they being the only persons called upon to give in their lists. The term "inhabitants" means *natural persons*. By the first section, every person owning property in any other town than where such person dwells, is required to give a list in that town.

where it is liable to be taxed. A corporation cannot be said to *dwell* in any town. The sanctions to enforce the giving in lists contemplate *natural* persons. The omission to give in a list subjects the owner of property to be *four-folded*, unless he can shew it was not left out through *wilfulness* or negligence ; and that as soon as he became *sensible* of his *duty*, he offered the estate to be listed. None but a *moral agent* can be charged with *negligence*, or *wilfulness*, or be said to become *sensible* of a *duty*. When the term *inhabitants* is used, a person is contemplated, of whom all those accidents are predicable. The stat. *Hen.* 8. commented on by Lord *Coke* in 2 *Instit.* 699. expressly provides, that "such *persons, inhabitants, bodies politic*" &c. "that ought to repair such decayed bridges," &c. " shall," &c. which latter words would be superfluous, if they were included in the former.

*T. S. Williams* and *Trumbull* for the defendants. The plaintiffs were incorporated for the purpose of insuring against losses by fire. Such insurance is their proper business ; and the premiums, which they receive, are the appropriate rewards for the risks assumed, and the losses sustained, by the company. Having accumulated funds, they purchase bank stock, in the name of the corporation ; and for this stock the members of the corporation cannot be taxed. Unless the company, therefore, is taxable, on account of such stock, it cannot be taxed at all, under our present laws. Is it equitable, that all other persons should have their dividends diminished by a tax upon their stock, and that the members of the *Hartford Fire Insurance* company should receive, through the company, equal dividends from similar stock, and contribute nothing, on account of it, to the public expenses ?

It is said to be inequitable for the town of *Hartford* to tax the bank stock of the insurance company, because part of the members live in other towns. Admitting that a small part of the taxes upon such stock, might justly be given to other towns, this can afford no reason for entirely exempting the company from public charges. The burdens of the company are not increased by the supposed injustice of the distribution ; and the objection should be addressed by the towns which may be injured, to the legislature, and not by the plaintiffs to a court of law, as a ground of relief from an unequal share of public burdens.

*New-Haven,*
June,
1819.

Hartford Fire
Insurance
Company
*v.*
Town of
Hartford.

New-Haven,
June,
1819.

Hartford Fire
Insurance
Company
v.
Town of
Hartford.

Are the plaintiffs taxable by law ?

By the statute, *tit.* Rates, *s.* 2. it is enacted, " that all rates and taxes shall be made by the same rule ; that is to say, according and in proportion to the general list of polls and rateable estate from time to time given," &c.

By the statute, *tit.* Listers, *s.* 14. it is enacted, " that all stock in any bank whatever, belonging to any person or persons, inhabitants of this state, shall be set in the list at three dollars on every hundred dollars of said stock," &c.     Was it' not the intention of the legislature, that *all stock* should be taxed, whether belonging to individuals, or to corporations ?  The dividends on such stock are in both cases equal ;  and in both are eventually received by individuals.     And could the legislature design to subject only one class to public charges, when both enjoy equal protection, and equal benefits ?

The statute provides for taxing the stock of *any person* or *persons*, inhabitants of this state.   Corporations are strictly persons.    In the old charters they are expressly made " *personæ habiles it capaces*," &c.    10 *Rep.* 123.   1 *Black. Com.* 123. 467.   As " persons," corporations are within the very words of the statute, unless excluded by the subsequent clause, " inhabitants of this state."    But the object of the legislature is apparent.    When that statute was made, it was not thought proper to impose a tax upon stock in our banks, which should be owned by inhabitants of other states.    It was necessary, therefore, to add the above, or a similar limitation ;  otherwise, the law would have included citizens of *New-York* or of *Massachusetts*, who might be owners of stock in the banks of this state.    To avoid this, and not to limit the meaning of the word " persons," was the intent of the legislature, in adding the words " inhabitants of this state."

By a late statute, *May* 1812. *vol.* 2. *p.* 89, it is enacted, " that the stock in the banks of this state, belonging to any person or persons *not* inhabitants of the state, standing in their names on the 20th of *August* in each year, shall be set in the list at three dollars on every hundred dollars, and shall be liable to all taxes, as is provided relating to bank stock owned by inhabitants of this state."

The former statute has provided for taxing all bank stock of " persons *inhabitants of this state* ; " the latter for taxing " the stock in the banks of this state, belonging to any persons *not* inhabitants of this state."    Do not the two statutes, taken to-

gether, provide for taxing *all* stock in the banks of this state ? Should a corporation in *New-York* purchase stock in the *Hartford* bank, would it not be taxable under the latter statute ? And when a corporation in *Connecticut* is the owner of bank stock, is it not equally liable to be taxed under the former statute ?

It is said, that corporations are invisible, artificial persons, and therefore cannot be inhabitants. To one who is ignorant of legal terms and definitions, it would appear as singular that a corporation should be called a *person*, as that it should be called an *inhabitant*. Daily observation, however, shews, that corporations are as capable of doing business as individuals. If lands and houses are to be bought, sold, or rented ; if premiums, or profits of any kind, are to be had ; if dividends are to be made, or received ; the existence and the presence of corporations will not be left in doubt. The great vote of the *Hartford Insurance Company* is never missed at a choice of directors for the *Hartford* bank. And the time has never been, when the plaintiffs could not be found, by any person who wished to offer them a premium. And when a public charge is to be defrayed, shall such companies set up their invisibility to avoid it ? When money is due to them, the debtor will see them both punctually and frequently, until they are paid ; but when a contribution for public expenses is demanded from them, the answer is, we are metaphysical beings, creatures of the mind, we have no eyes to see your laws, and your rate-books ; we have no ears to hear the calls of your tax-gatherers ; we belong no where, are not capable of residence or inhabitancy, and therefore are not taxable. But in *Rex* v. *Gardner, Cowp.* 85. which was the case of a' land tax, *Aston*, J., after saying he had " no idea but that a corporation might be occupiers," adds, " as such they may have inspection of the rates, and upon application to the court for that purpose, it would be no answer to say, they are an invisible body, for they may inspect by their servants, and the court would punish a refusal, by attachment."

The law upon this subject is in perfect conformity with the common sense, and with the rights and powers of corporations, *as they exist in practice.* By statute 22 *Hen.* 8. *c.* 5. concerning *decayed bridges,* it is enacted, " that the said bridges, if they be without the city or town corporate, shall be made by the *inhabitants* of the shire or riding within which the said

*New-Haven,*
*June,*
1819.

Hartford Fire
Insurance
Company
*v.*
Town of
Hartford.

*New-Haven,*
June,
1819.

Hartford Fire
Insurance
Company
*v.*
Town of
Hartford.

bridge decayed shall happen to be, and if it be within any city or town corporate, then by the inhabitants of every such city or town corporate."

Upon this part of the statute, Lord *Coke*, 2 *Inst.* 702. says, "The persons to be charged by this act are comprehended under this only word *inhabitants*, which is needful to be explained, being the largest word of this kind." He then explains the word with reference to natural persons, and says, "that a man dwelling in a foreign country, and having lands or tenements in his own possession, and manurance, within the shire, &c. to be charged, is an inhabitant within the act."

"So if he lives in another county or shire, and keepeth a house, and servants in the shire, &c. such person is an inhabitant."

"*Ex vi termini*, every person that dwelleth in any shire, riding, city, or town corporate, *though he hath but a personal residence*, yet is he said in law, to be an inhabitant, or a dweller there."

So that according to Lord *Coke*, natural persons *are inhabitants*, and within that statute, either on the ground of personal residence within the shire, &c. to be charged; or by reason of their possessing lands and tenements, or keeping a house and servants, within such shire. And if inhabitants, then they are taxable for lands and tenements, if they possess them; and also on account of personal residence, though they do not possess lands or tenements.

In the next paragraph, 2 *Inst.* 703. *pl.* 4. Lord *Coke* proceeds—"Every corporation and body politic, *residing in* any county, riding, city, or town corporate; *or* having lands or tenements in any shire, riding, city, or town corporate, *quæ propriis manibus et sumptibus possident et habent*, are said to be inhabitants within the purview of this statute." And if corporations may be inhabitants, by reason of *residence*, within a shire, &c. and also on account of lands and tenements within such shire, though located in a different shire, then they, as was before said of natural persons, are taxable as well on account of such residence, as on account of holding lands and tenements within the shire to be charged. Corporations are said to be *residents*, because locality is necessary to their existence. In the case of *Sutton's Hospital*, 10 *Rep.* 29., Lord *Coke* states "What things are of the essence of a corporation," and says, that *place* is one, adding, "for without a place no

incorporation can be made." Keeping this in view, it is as easy for the mind to consider, and the law to treat, corporations as having *residence*, as to consider and treat them as *persons*.

It is claimed, that the town of *Hartford* can shew no right to tax the plaintiffs. If this be true, they hold their bank stock exempt from taxation ; for it will not be pretended, that any other town has the right. Nor can the members of the Insurance Company be taxed for it. The stock belongs to, and stands in the name of, the corporation. It was paid for by company funds. Now, if it is perfectly equitable, that the plaintiffs should be taxed, as individuals are taxed, and if the words of the law include the plaintiffs, it will be singular if no town has authority to put their bank stock into the list. By what right does the town of *Hartford* tax the company ? As a person, in legal contemplation, inhabiting within the town. We have Lord *Coke's* authority for saying, that *place* is indispensable to corporations, and also, that they may be " inhabitants" by residence, as well as by holding lands. By the plaintiffs' charter, 2 *Conn. Stat. p.* 26. *s.* 9. it is enacted, " that said company shall keep their office in the city of *Hartford*." This fixes the place, and consequently, the legal inhabitancy, of the corporation.

We have shewn, that an individual may personally reside in one county, and be, at the same time, a taxable inhabitant in another, " *by keeping a house and servants there*." But the plaintiffs can do various acts, can execute policies of insurance, can give and receive deeds, can " have inspection of rates, and be occupiers of land." (*a*) They do in fact keep an office in *Hartford*, appoint and empower agents ; as president, directors and secretary ; who meet in such office, receive proposals, issue policies, and perform all business for, and in the name of, the corporation. These acts are in fact performed, wholly, by agents or servants ; yet they are, in law, the acts, not of the agents, but of the invisible body, the corporation. And is not the possession of an office, and the transaction of business therein, by the corporation, through its servants, equivalent to the " keeping a house and servants" in a county where the individual to be taxed has no personal residence or inhabitancy ? And if the latter is taxable *as*

(*a*) *Cowp.* 85.

*New-Haven,*
June,
1819.

Hartford Fire
Insurance
Company
*v.*
Town of
Hartford.

*New-Haven,*
June,
1819.

Hartford Fire
Insurance
Company
*v.*
Town of
Hartford.

*an inhabitant,* by reason of keeping a house and servants, may not a corporation also be in law an *inhabitant,* by keeping an office and transacting business, and therefore taxable ? If so, then, as the office of the plaintiffs is by law established, and the business of the company done, in the town of *Hartford,* it is equally an inhabitant or resident in *Hartford,* and that town has the right to tax the corporation.

, How is it proved, that an individual is an inhabitant of a particular town ? By proving, that he eats, and lodges, and labours there ; that he there does the appropriate acts of natural persons. The plaintiffs are in law a person, capable of doing, and in practice performing, a variety of acts. These acts are such as are appropriate to artificial persons; and, of necessity, are done by agents or servants ; they are done in fact, and are required by law to be done, within the town of *Hartford.* And if natural persons, by commonly doing in any town the acts proper to such persons, become inhabitants, or residents in that town ; with equal reason may a corporation, which, by charter, and in fact, performs, in any town, all the acts proper to an artificial person, be denominated an inhabitant, or resident in such town.

HOSMER, Ch. J.    The general question in this case, is, whether bank stock, the property of the *Hartford Fire Insurance* company, is taxable in the town of *Hartford.* The listers of that town gave notice to the *inhabitants* of it, to bring in their lists ; and for an omission on the part of the *Hartford Fire Insurance* company, they were four-folded. The money has been collected of them; and to recover it back, is the object of the present suit.

The law concerning taxation, by its general policy, operates not on corporations, but on individuals; and in respect of personal estate, it is usually rated in the town where the individual dwells. It may justly be required of the defendants to shew some word or expression, which authorised the levying of the tax complained of, in the town of *Hartford.* The term "inhabitants" is selected ; and hence it becomes a fundamental enquiry, whether it embraces the *Hartford Fire Insurance* company. This word has a technical sense, which has no bearing on this enquiry. The popular sense of the term is the same as *resident,* or one who *lives* in a place. An *inhabitant* necessarily implies an *inhabitation,* an abode, a place of dwelling. It

New-Haven,
June,
1819.

Hartford Fire
Insurance
Company,
v.
Town of
Hartford.

requires no reflection to determine, that in this sense, a corpo-
ration resides no where.   It is an artificial person, a creature
of the imagination, subsisting only in intendment and conside-
ration of law.   Undoubtedly, in a *figurative* sense, it may be
said to *inhabit* where the members of it reside ; and in a *legal*
sense, it may be denominated an occupier of land, which is in
possession of its bailiff, when usage has sanctioned this appli-
cation of the term.   In the latter import of the expression,
persons corporate in *England* have been deemed inhabitants of
a city, a town, a shire.   2 *Inst.* 700.   They have been "bound
to repair bridges *ratione tenuræ suæ terrarum, sive teneménto-
rum*."   The land in their tenure was taxed ; and they, through
the medium of their servants, were considered as inhabitants
or occupiers.   So in *Rex* v. *Gardner, Cowp.* 79. 82. the mem-
bers of a corporation seised of lands, were deemed within the
meaning of the statute of 43 *Eliz. c.* 2. as inhabitants or occu-
piers, liable, in their corporate capacity, to be rated to the
poor.   "If," says Lord *Mansfield*, "a man seised of lands in fee,
has no tenant, he is said to occupy them by his bailiff." *Cowp.*
64.   Even this construction has been a subject of discussion
and doubt, during the administration of Lord *Mansfield*, and
the rateability of corporations was put by him on the footing
of *usage*.   Except in the instances of land occupied by the
servants of corporations, I have not been able to find *resi-
dence* ascribed to them ; and there, by an easy figure, with
the aid of usage, they have been denominated *inhabitants*.

We have before us the case of a corporation, which has no
*local limits ;* the members and officers of which are scattered
abroad, and may reside any where ; and which has no land,
which it occupies, by its servants or bailiffs.   In *Hartford,* this
corporation has an office for the transaction of business ; and
this is the only circumstance, on which it is contended to be an
*inhabitant*.   This office need not be the property of the cor-
poration ; and its contracts are valid, if made in any other
town.   It is merely a place prescribed, to which persons,
desirous to obtain insurance, may apply.   Now, I am at a loss
to conceive, by what analogy, or figure of speech, in the ab-
sence of all usage, an invisible, incorporeal entity may be
said to *reside* in a place, on the slight ground contended for.
I am clear, that the *Hartford Fire Insurance* company is not
the inhabitant of any town ; and I am not disposed to put the

*New-Haven,*
June,
1819.

Hartford Fire
Insurance
Company
*v.*
Town of
Hartford.

language of the statute to torture, when I reflect, that at the enacting of it, there neither existed in fact, nor in anticipation, such incorporate bodies as have since sprung up among us. The *inhabitants* of *Hartford* are obliged to give in their lists under a penalty ; but the *Hartford Fire Insurance* company is not, in any conceivable sense, an inhabitant of that place.

Had the subject been contemplated by the legislature, it is more than probable that the bank stock of corporations would have been taxed somewhere. Perhaps, in pursuance of the spirit and policy of the taxation system, the individual members would have been rated for their shares of the stock in the places of their residence. This is the manner in which bank stock is taxed ; and to this end the law of *October*, 1807, (*a*) requires of the cashiers of the respective banks, on request, to furnish the listers of any town with a true statement of the shares of stock owned by any individual ; and *en passant*, I cannot but remark, that the residence of banking corporations in the towns in which alone their business can be transacted, is more definitely marked, than that of the *Hartford Fire Insurance* company, and the argument for the liability of these corporations to taxes is stronger than that of the one under consideration.

It is the province of the court *jus dicere, non dare ;* and without reference to any ideas of abstract justice, or fitness, the law must be the rule of our determination. If the general assembly, in the system adopted by them, had used any expressions, which, on the most liberal construction, would have rendered this corporation taxable in *Hartford*, I should gladly have seized upon it. Satisfied that they have not, I would advise judgment for the plaintiffs, for the money paid and interest.

In this opinion CHAPMAN and BRAINARD, Js. fully concurred.

BRISTOL, J. dissented, at first; but afterwards acquiesced in the decision.

(*a*) *Tit.* 102. *c.* 2.

Peters, J. gave no opinion, being interested in the cause, as an inhabitant of the town of *Hartford*.

Judgment to be entered for the plaintiffs. (*a*)

*New-Haven,*
*June,*
*1819.*

Hartford Fire
Insurance
Company
*v.*
Town of
Hartford.

(*a*) By the act of *May*, 1819, adopting a new system of taxation, and repealing the former statutes on the same subject, the owners of stock, in any bank or insurance company in this state, are liable to be taxed by a valuation of such stock, to be set in the list at six *per cent.* on such value. 2 *Stat. Conn.* 340. *R.*