TOWN OF NEW HAVEN *vs.* CITY OF BRIDGEPORT.

Third Judicial District, New Haven, January Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The word "inhabitant" of a town, in § 3288 of the General Statutes relating to paupers, is used in its ordinary, popular sense, and means a resident of the town,—one who has an abode or dwelling-place there.

[Submitted on briefs Jan. 21st—decided Feb. 23d, 1897.]

ACTION to recover for supplies furnished a pauper alleged to belong to the defendant city, brought before a justice of the peace and thence by defendant's appeal to the Court of Common Pleas for New Haven County, and reserved by that court upon an agreed statement of facts for the consideration and advice of this court. *Judgment advised for the plaintiff.*

The statement of facts agreed upon by the parties is as follows:—

"One John L. Chapman, a person over the age of fourteen

years, came from the State of Massachusetts to North Canaan, Connecticut, about July 1st, 1890, where he remained nine months.   He then moved to Bridgeport, which was about April 1st, 1891.   He was admitted as a voter in the city of Bridgeport, October 27th, 1892.   He remained in Bridgeport until September 11th, 1895, when he and his family left Bridgeport and moved to New Haven.   On November 15th, 1895, he resided in New Haven, and was poor and unable to support himself, and in immediate need of support.   On said day and until the 5th day of December next following, the selectmen of New Haven furnished him with necessary support at an expense of $20, and further laid out and expended for his necessary support and maintenance on said —— day of December, 1895, the sum of $27.60.

"On the —— day of December, 1895, the selectmen of New Haven gave due notice in writing to the board of public charities of the city of Bridgeport, of the condition of the said Chapman, and that he was chargeable in New Haven.

" On the —— day of December, 1895, and on subsequent dates, the selectmen of New Haven presented to the board of public charities of said city of Bridgeport, a bill of said expense, and demanded payment thereof.   Said expense has never been repaid to the plaintiff."

Section 3288 of the General Statutes provides that " no inhabitant of any town in this State shall gain a legal settlement in any other town, unless he shall have been admitted in the manner prescribed in the first section of this chapter; or unless he shall have resided, subject to the provisions of this chapter, four years continuously in such town, and shall have maintained himself and family during the whole of said period without becoming chargeable to such town."

*Jacob P. Goodhart* and *Robert C. Stoddard*, for the plaintiff.

*J. D. Toomey, Jr.*, for the defendant.

ANDREWS, C. J.   If Chapman was an inhabitant of North

Canaan before he removed to Bridgeport, then the plaintiff is entitled to recover the amount expended; otherwise not. He had resided long enough in Bridgeport to gain a settlement there, if he had the legal capacity to acquire one, and this depends on the answer to be given to the question above stated—Was he an inhabitant of North Canaan?

In its general and popular sense the word inhabitant " is the same as *resident,* or one who *lives* in a place. An *inhabitant* necessarily implies an *inhabitation,* an abode, a place of dwelling." *Hartford Fire Insurance Co.* v. *Town of Hartford,* 3 Conn. 15, 24. The words of a statute are to be read in their ordinary and popular sense, unless there is something in the context to show that they are used in a different sense. *Hallenbeck* v. *Getz,* 63 Conn. 385. This then is the sense in which the word inhabitant, in § 3288 of the General Statutes, is to be read. It is stated in the defendant's brief that Chapman came to North Canaan as an inhabitant of Massachusetts. He was therefore not an alien. He was, while in North Canaan, a resident citizen. As such he was an inhabitant there. It was so held in *New Hartford* v. *Canaan,* 54 Conn. 39, and in *Canton* v. *Simsbury,* ibid. 86.

The Court of Common Pleas is advised to render judgment for the plaintiff.

In this opinion the other judges concurred.