The Town of Ridgefield *vs.* The Town of Fairfield.

Third Judicial District, Bridgeport, April Term, 1900.
Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

Substantial compliance with a proper request to charge is sufficient;
    the court is not bound to charge in the very words of the request.
A mere temporary residence does not make one an "inhabitant" of a

Ridgefield v. Fairfield.

town within the meaning of that word as used in § 3288 of the General Statutes. The word implies a fixed, permanent dwelling-place, but not necessarily that the resident is a "settled inhabitant" of the town.

A person "maintains" himself "without becoming chargeable" to the town, within § 3288 of the General Statutes, provided the town is put to no actual expense for his support. It is immaterial in such case that the person was supported in whole or in part by charity.

An inhabitant of one town in this State, although *non compos mentis*, may by commorancy acquire a settlement in another town.

Whether such a person could change his domicil from one State to another, *quære*.

Argued April 19th—decided May 22d, 1900.

ACTION to recover for support furnished a pauper, brought originally before a justice of the peace and thence by defendant's appeal to the Court of Common Pleas in Fairfield County and tried to the jury before *Curtis, J.;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors in the charge of the court. *No error.*

The plaintiff's evidence tended to show the following facts : Jane Coe, the pauper, was born in the State of New York about forty years ago and lived there with her parents until they died. Her mother died in November, 1889, and her father died prior to that time. In 1889, soon after her mother's death, she, at the request of her brother who lived in Ridgefield, came to that town to live with him, and had her home there with him and not elsewhere, until the spring of 1891, when she went to live at the home of a sister of hers in Danbury in this State. She lived with this sister in Danbury until May, 1892, when, at the request of another sister who lived in Fairfield, she went to that town for the purpose of making her home with said sister. She thence made her home in Fairfield, continuously, until October, 1896, and during all that time received no aid from said town or any other town, nor did she in any way become "chargeable" to that or any other town. While of inferior intellect she was neither idiotic nor insane. She had mind enough to be capable of choice and intention as to her place of residence, and could and did, under supervision, perform domestic duties in the households of the persons with whom she lived.

The defendant offered no evidence in contradiction of the plaintiff's evidence in support of the above facts, and none that Jane Coe was either idiotic or insane. It offered evidence, however, tending to show that she was of inferior intellect and incapable of choice or intent as to her place of residence.

The defendant also, on cross-examination of plaintiff's witnesses, elicited evidence tending to show, in substance, that after her mother's death Jane Coe had no property; that she could not wholly support or care for herself, but required the aid, care and supervision of others; that her sister in Danbury was a person of limited means and could not afford to keep her longer than she did; that when she first went to Fairfield her brother, in a letter to his sister in Fairfield, suggested " that each of the four brothers and sisters of said Jane Coe should take her at their homes three months at a time in succession," but that no such arrangement as the one suggested was in fact made.

The defendant requested the court to charge the jury as follows :—

" *a*. If the jury shall find from the evidence that the pauper in question in this case, from the date of her birth to the present time, has not possessed sufficient intelligence and will to choose a home for herself; that she was born in New York forty years ago, and lived there with her mother, her sole surviving parent, until she was thirty years of age, and until her mother's death in 1889; that she was then, and has since remained, wholly without means of her own for her support; that upon her mother's death she was brought to the town of Ridgefield by her brother and kept there for about a year and a half; that she was then taken by him to her sister's house in the town of Danbury, and kept there by her for about a year; that she was then taken by her to the house of another sister in the town of Fairfield and kept there for about four years and a half, except for the period of about a year, when she was taken by a neighbor and kept at her house in the town of Fairfield, and also excepting a period of about a week when she was brought to and kept at her

brother's house in the town of Ridgefield; that this placing her with these several persons was for their own convenience in distributing among themselves the care and expense to them of her existence, and was intended to be only temporary, and not with a view to a permanent abode with either one of them,—the pauper in question did not acquire a settlement in the town of Fairfield by remaining in said town more than four years without becoming chargeable to a town during said period.

" b. If the jury shall find from the evidence that the pauper in question in this case did not possess sufficient intelligence and will to choose a home for herself, she was legally incapable of acquiring a settlement in the town of Fairfield by living in said town four years consecutively, without becoming chargeable to the town during this period."

The court did not charge the jury in the words of request a, and did not charge request b.

Among other things the court charged the jury, in substance, as follows: (1) If during the entire period of her fours years' residence in Fairfield, Jane Coe was supported by herself or by other persons without aid or assistance from Fairfield, then she had, within the meaning of the law, maintained herself there without becoming chargeable to the town.

(2) It is claimed in argument that at the time she went to Fairfield her home was in Ridgefield, and that her stay in Fairfield was only a temporary one. That is a question for the jury to decide from the evidence in the case. If the jury find that she was an inhabitant of either Ridgefield or Danbury before she went to Fairfield, and that she continuously resided and had her home in Fairfield, and nowhere else, for four years, and that she maintained herself there during that time in the sense above explained, then she gained a legal settlement in Fairfield. (3) If when she went to Fairfield she did not have capacity to form or retain an intention as to her place of residence, or to make choice of such place, this fact of itself would not prevent her from gaining a legal settlement in that town.

The errors assigned relate to the refusal of the court to

charge as requested, and to its charge upon the three points above specified.

*Daniel Davenport* and *Elmore S. Banks*, for the appellant (defendant).

*Granville Whittlesey*, with whom was *Howard B. Scott*, for the appellee (plaintiff).

TORRANCE, J. The substance of the first request (*a*) was that if the "placing" of Jane Coe with the several persons with whom she lived in Ridgefield, Danbury and Fairfield, as set forth in the request "was for their own convenience in distributing among themselves the care and expense to them of her existence, and was intended to be only temporary and not with a view to a permanent abode with either one of them," she did not acquire a settlement in Fairfield by remaining there four years without becoming chargeable.

This request in substance the court complied with. The jury were distinctly told (1) that unless her residence in Ridgefield and Danbury was a permanent as distinguished from a mere temporary one, that she was not an "inhabitant" of either of those towns within the meaning of § 3288 of the General Statutes; and (2) that unless her residence in Fairfield for four years was of this same nature, she could gain no legal settlement there.

Having thus charged the request in substance, the court was not bound to charge it in the very words of the request.

The further claim of the defendant, that the charge as given upon this point was erroneous, is without foundation; indeed this claim is not even mentioned in the defendant's brief.

The court charged, in substance, that if during her four years' residence in Fairfield Jane Coe was supported by herself or by friends without aid from Fairfield, she had maintained herself without becoming chargeable to that town, within the meaning of the statute. The defendant objects to this charge. It claims that if she was wholly or in part

supported by friends she did not "maintain" herself within the meaning of the statute. This claim overlooks or disregards the controlling words of the statute, "without becoming chargeable to such town." These words mean "without subjecting the town to actual expense" for her support during the four years. *Beacon Falls* v. *Seymour*, 44 Conn. 210, 217; *Norwich* v. *Saybrook*, 5 id. 384, 387. The fact that others may have gratuitously or otherwise contributed, wholly or in part, to her support, is of no consequence. *Lebanon* v. *Hebron*, 6 Conn. 45, 47; *Colchester* v. *Lyme*, 13 id. 274, 279; *Plymouth* v. *Waterbury*, 31 id. 515. Under the circumstances of this case, where no claim was made or apparently could be made that the parties who contributed to Jane Coe's support in Fairfield were not acting in so doing in good faith, the charge in question was correct.

The defendant requested the court to charge that if Jane Coe "did not possess sufficient intelligence and will to choose a home for herself, she was legally incapable of acquiring a settlement" in Fairfield by commorancy. The court charged in effect that such want of intelligence and will if true would not of itself prevent her from acquiring such a settlement.

We are of opinion that the court did not err in refusing to charge as requested, nor in charging as it did. That an inhabitant of one town in this State, though *non compos mentis*, is capable of acquiring a settlement in another town of this State by commorancy, was expressly decided in *Plymouth* v. *Waterbury, supra*. That case has never been overruled, nor questioned so far as we know, and it is decisive in favor of the charge as given. The word "inhabitant" in § 3288 of the General Statutes does not mean a settled inhabitant; it means a resident citizen who has his home and place of dwelling in a town. *New Haven* v. *Bridgeport*, 68 Conn. 588, and cases therein cited. If, then, in this sense of the word, Jane Coe when she went to Fairfield was an "inhabitant" of either Ridgefield or Danbury, she was legally capable of acquiring a settlement in Fairfield by commorancy, even if *non compos mentis*.

In the argument before this court the defendant claimed

that a *non compos mentis* citizen, domiciled in another State, could not become an "inhabitant" (as that word is defined in *New Haven* v. *Bridgeport, supra*) of a town in this State by having a permanent home in such town; and that for this reason Jane Coe was not an inhabitant of Ridgefield or Danbury when she first went to Fairfield. It may be that there is a difference between the capacity of a person *non compos mentis* to change his domicil from one town in this State to another town in this State, under our pauper laws, and his capacity to change his domicil from one State to another; but that question is not before us upon this appeal, and upon it we express no opinion, because it was not made nor decided in the trial court. It was not made in either of the requests to charge the jury. The first related solely to the question whether the residence of the pauper in Ridgefield, Danbury or Fairfield, was of a permanent or only of a temporary nature, and the jury were correctly instructed as to this. The second request related solely to the question whether any person *non compos mentis* could by commorancy acquire a settlement in a town in this State, and upon this point also the jury were properly instructed. Upon the record it nowhere appears that the point taken upon argument before this court was either made or decided in the trial court; and upon that record we think the court did not err in failing to take notice of it or in failing to instruct the jury in regard to it.

There is no error.

In this opinion the other judges concurred.