THE TOWN OF PLAINVILLE vs. THE TOWN OF
SOUTHINGTON.

First Judicial District, Hartford, May Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An inhabitant of Southington moved to Plainville and resided there
   continuously for four years without actual expense to the latter
   town for support of himself or family.   During this period the
   town of Southington furnished them necessaries on two occa-
   sions.   *Held* that they had thereby gained a settlement in Plain-
   ville, under § 2469 of the General Statutes, and Southington was
   not liable for support subsequently furnished them by the former.
As to the liability of Southington if it had furnished them support
   for the purpose of preventing them from applying to Plainville
   for aid, and of procuring for them a settlement in the latter town
   and so relieving Southington from the burden of supporting them,
   *quære.*
       Submitted on briefs May 5th—decided June 2d, 1908.

ACTION to recover for the support of certain paupers al-
leged to belong to the defendant town, brought to and
tried by the Court of Common Pleas in Hartford County,
*Coats, J.*, upon an agreed statement of facts ; judgment for
the plaintiff, and appeal by the defendant.   *Error and judg-
ment reversed.*

*Marcus H. Holcomb* and *Noble E. Pierce*, for the appel-
lant (defendant).

*Bernard F. Gaffney*, for the appellee (plaintiff).

HALL, J.   Burton S. Cowles was born in the town of
Southington, and the place of his legal settlement was in
that town on the 16th of May, 1899, when, with his wife
and children, he moved into the town of Plainville, where
they have ever since resided.
   On the 15th of October, 1903, and between that date
and March 23d, 1904, having become poor and unable to
support herself and children, the wife of Cowles applied to

the selectmen of the plaintiff town for support, and between said two last named dates the plaintiff furnished her support, at the expense of $162.81, having given due notice to the town of Southington of the condition of said persons, and that they had become chargeable.

. Prior to October 15th, 1903, the town of Plainville had not been subjected to any actual expense for the support of said poor persons, but while they were so residing in the town of Plainville the selectmen of the town of Southington, upon the application of Mrs. Cowles, furnished her and her family support, on the 6th of November, 1899, to the amount of $10, and again, to the same amount, on the 1st of December, 1899.

The defendant contends that when, on the 15th of October, 1903, the plaintiff first furnished support to said poor persons, said Cowles and family had already resided in the plaintiff town more than four years continuously, without becoming chargeable to such town, and had therefore, under the provisions of § 2469 of the General Statutes, gained a legal settlement in the town of Plainville prior to said last named date and that, therefore, the town of Southington was not liable for the support so furnished by the plaintiff.

The plaintiff claims that said poor persons became chargeable, within the meaning of § 2469, when, in November and December, 1899, and while they were residing in Plainville, the defendant furnished them with support to the amount of $20, upon the application of Mrs. Cowles as aforesaid, and that, therefore, said persons had not, by their four years' previous residence in the town of Plainville, gained a legal settlement there, under § 2469, when the plaintiff commenced to furnish support to them.

The trial court erred in sustaining the plaintiff's claim. Under § 7, p. 197 of the Revision of 1875, an inhabitant of any town in this State might gain a legal settlement in another town by residing in the latter town six years successively, and supporting himself and family during the whole of that period " without becoming chargeable to

such town, or to the town liable for his or their support," and paying his taxes.

For many years prior to 1875 our statutes made it one of the conditions upon which an inhabitant of one town could gain a legal settlement in another that he should reside in the latter during the prescribed period without becoming chargeable to such town, or to the town liable for the support of such person or his family. Rev. 1866, p. 618, § 7; Rev. 1849, p. 533, § 6; Rev. 1821, p. 280, § 4; Rev. 1808, p. 391, § 4; Statutes, 1796, p. 240, § 4.

Section 1 of chapter 93 of the Public Acts of 1875, p. 53, provides that "every citizen of the United States who shall reside four years continually . . . in any town in this state, and shall, during the whole of said period, have maintained himself and family without becoming chargeable, shall gain a settlement therein."

Section 1 of chapter 94 of the Public Acts of 1878, p. 316, provides that "every person who shall have resided . . . four years continuously . . . in any town in this state, and shall have maintained himself and family during the whole of said period, without becoming chargeable to such town, shall thereby gain a settlement therein."

Section 2469 of the General Statutes, which is the law governing this case, provides that "no inhabitant of any town in this state shall gain a legal settlement in any other town, . . . unless he shall have resided . . . four years continuously in such town, and shall have maintained himself and family during the whole of said period without becoming chargeable to such town."

It will be observed from this legislation, that in 1875 the period of residence necessary to enable an inhabitant of one town to gain a legal settlement in another was changed from six years to five, and the condition that such residence should be "without becoming chargeable to such town, or to the town liable for his or their support," was changed so as to be "without becoming chargeable," and that in 1878 it was further changed so as to be "without becoming chargeable to such town."

We are of opinion that it was intended by the last, as well as by the first, of these changes, to materially alter the conditions upon which an inhabitant of one town should gain a legal settlement in another. Regarding his becoming chargeable during the named period of his residence in the latter town, the earlier statutes clearly prescribed two conditions: one, that he should not become chargeable to that town, the other, that he should not become chargeable to the town liable for his support. The second of the conditions has been dropped. The first is the only one remaining. In *Beacon Falls* v. *Seymour*, 44 Conn. 210, 217, it was held that the words, "without becoming chargeable to such town," were not used in this statute as merely descriptive of the condition of the pauper, but that they meant, "without subjecting the town to actual expense for their support." The same meaning was ascribed to them in *Ridgefield* v. *Fairfield*, 73 Conn. 47, 52, 46 Atl. 245. Cowles and his family had gained a legal settlement in Plainville, under § 2469, before they became chargeable to that town, on the 15th of October, 1903, and the town of Southington was therefore not liable for the support furnished by the plaintiff. What the result would have been had the defendant furnished the support, in November and December, 1899, to the Cowles family, for the purpose of preventing them from applying to the selectmen of Plainville for aid, and of procuring for them a settlement in that town, and of so relieving the town of Southington from the burden of supporting them, we have no occasion to consider, since there is no finding that the defendant acted from any such motive.

There is error and the judgment is reversed.

In this opinion the other judges concurred.