CITY OF WATERBURY

vs.

WILLIAM RICHARDSON, ET AL.

Superior Court      New Haven County      File #11351
(At Waterbury)

Present:   Hon. NEWELL JENNINGS, Judge.

Timothy S. Sullivan,         Attorney for the Plaintiff.

Bronson, Lewis & Bronson,      Attorneys for the Defendant.

MEMORANDUM FILED NOVEMBER 19, 1935.

JENNINGS, J.   The facts in this case are extremely numerous and complicated, as are the pleadings and prayers for relief.   The only facts necessary to a decision of this case are the following:

On August 13, 1912, Mrs. Richardson established a trust fund by deed, the relevant part of which reads as follows:

"And I request that my Grandfather as such Trustee deposit the remainder of said moneys and pay to me, personally, or expend for my benefit and the benefit of my children such amounts from time to time in such sums as he may in his judgment deem wise and prudent."

Mrs. Richardson has received the income of this trust fund up to the present time but no part of the principal.

Mr. and Mrs. Richardson and their children lived in Prospect for many years prior to 1928 and it is admitted that they were settled there.   In May, 1928, Mr. Richardson removed to Waterbury with the intention of making Waterbury his permanent home but did not take his family with him.   He maintained himself in Waterbury for the next four years and during that time Waterbury was put to no expense on his account or on account of his family.   Meanwhile his family were maintained in Prospect by his contributions, made in part as a result of a prosecution for non-support, and by the income of the trust fund.   During this time the town of

Prospect paid a hospital bill in New Haven for one of the minor children and four of them were committed to the New Haven County Home on petition of the Selectmen of Prospect. In 1934 Mrs. Richardson moved to Waterbury with her children but did not live with her husband. Since that time Waterbury has furnished support for her and them, the earliest bill being for hospital care in New Haven in November, 1932. Mr. Richardson expressed at the trial his intention to continue to support his family to the best of his ability when this litigation is ended.

The most important question in the case is that of the settlement of the Richardson family. The settlement of the wife and minor children follows that of the husband. **Roxbury vs. Bridgewater, 85 Conn. 196, 202.**

The settlement of Mr. Richardson is in Waterbury unless the facts as outlined above prevented his acquiring a settlement there. **General Statutes 1930, Section 1686.**

Three facts are urged in support of the contention that he did not acquire such settlement: (1) payment by Prospect of a hospital bill for one of the minor children, (2) commitment of four of the minor children to the County Home, and (3) the fact that he lived apart from his family during this period.

## I.

The Cowles family acquired a settlement in Plainville unless the furnishing of support to Mrs. Cowles, at her request, by the town of Southington, from which they removed, prevented such settlement. In discussing the point Justice Hall reviews the statutory changes and comes to the conclusion that while, under the earlier statutes two conditions were prescribed: "one, that he should not become chargeable to that town (the new town), the other, that he should not become chargeable to the town liable for his support (the old town)," that the several revisions referred to by him dropped the second condition. This case has not been cited since and it is the law that the furnishing of support by the old town (Prospect) is no bar to the acquiring of a settlement in the new town (Waterbury). **Plainville vs. Southington, 80 Conn. 659, 662.**

## II.

The only way in which the commitment to the County Home can have subjected Waterbury to "actual expense"

(**Ridgefield vs. Fairfield, 73 Conn.** 47) is through its general contribution to State and County taxation for the excess over that amount paid by Prospect. This is too remote to serve as a test in this connection.

### III.

The fact that Mr. Richardson did not live with his family at any time during these four years is more troublesome. He undoubtedly was their principal source of support during this period, however, and, as stated, still acknowledges the obligation. The question was discussed at length in **Cheshire vs. Burlington, 31 Conn. 326,** but the point was not necessary to the decision of that case since the support admittedly furnished by the old town was at that time a bar under the then existing statute. The case has been frequently cited but never on the point at issue here. The chief desideratum in these cases is to have the law definitely settled so that the towns know where they stand. **Plainville vs. Southington, supra,** does this and, in the absence of further legislation or interpretive decisions, governs. The Richardsons were settled in Waterbury.

The next question is the character of the trust created by Mrs. Richardson. It is, in my opinion, a spendthrift trust. I do not intend to discuss this question since, in view of the facts, its character is unimportant. The trustee has stated on the stand and in his brief that the proper past and future expenditures of Waterbury for the support of Mrs. Richardson and her children are in his opinion proper charges against the trust and that he intends to pay them as soon as he can get the authority of the court to do so. **Reilly vs. State, 119 Conn. 508.** It is agreed, in fact urged, by all parties that this question be decided in this proceeding, including the proper allowances to the trustee for his services and expenses. He has had no compensation since 1928 and has $3232.04 in his hands. It is agreed that Waterbury has advanced $1114.15 and interest is waived.

Judgment may enter finding Waterbury to be the settlement of the Richardsons, that the trustee pay Waterbury $1114.15 and the costs of this action from the trust funds in his hands for past support and such sums in the future as are, in his judgment, proper charges for that purpose and that he pay to himself $100 for services to date and $100 as expenses of

counsel fees. A certified copy of this judgment should be recorded in the Probate Court.