WOOD and others *against* THE HARTFORD FIRE INSURANCE COMPANY.

To an action on a policy of insurance, brought by an inhabitant of the state of *New-York,* against the *Hartford Fire Insurance Company,* before the superior court in the county of *New-Haven,* the defendants pleaded in abatement, that they were incorporated, as a body politic and corporate, by the legislature of this state, and required, by their charter, to keep their office in the city of *Hartford,* in *Hartford* county, and at the commencement of the suit, were transacting business and keeping their office in that city : to which the plaintiff replied, that at the commencement of the suit, three of the stockholders and members of the corporation resided and dwelt in the county of *New-Haven :* it was held, 1. that the company, in its corporate character, did not live or reside, and was not, in the county of *Hartford ;* 2. that for the purpose of sustaining jurisdiction, the court would regard the stockholders as the real party defendants ; and as some of them resided in the county of *New-Haven,* when the suit was brought, the courts of that county had jurisdiction.

THIS was an action on a policy of insurance against loss or damage by fire, brought by writ of summons, to the superior court in *New-Haven* county, *March* term, 1838.

The defendants came into court and pleaded in abatement as follows : That the action of the plaintiffs is a transitory

action, and that they, and each of them, now are, and before *New-Haven,* and at the commencement of this suit, were, and ever since *July, 1839.* have been, inhabitants of and residents in the city of *New-York* in the state of *New-York ;* and that neither of the plain- The Hartford tiffs now is, or at the commencement of this suit, was, an in-Fire Insurance habitant of or resident in the county of *New-Haven* in this state ; that the defendants now are, and at the commencement of this suit were, a body politic and corporate, establish-ed and incorporated by the legislature of the state of *Connec-ticut,* and required, by their charter, to keep their office in the city of *Hartford* in the county of *Hartford,* and actually located, transacting business and keeping their office in said city ; and are not now, and were not, at the commencement of this suit, located or keeping their office in the county of *New-Haven,* and are not now, and were not, at the com-mencement of this suit, residents or inhabitants of said county of *New-Haven,* or dwelling or being therein ; and the plain-tiffs, if they have any cause of action, ought to have brought the same to the county court in *Hartford* county, which court would have jurisdiction thereof.

To this plea the plaintiffs replied, That said corporation, at the commencement of this suit, were, and ever since have been, transacting business in the city of *New-Haven* in the county of *New-Haven,* by their agent there established for that purpose, *viz. Timothy Dwight,* of *New-Haven,* at the office kept by him in said city of *New-Haven,* and were not, at the commencement of this action, located in the city or county of *Hartford,* as in said plea of the defendants alleged ; and that said *Timothy Dwight, Charles A. Ingersoll* and *Roger S. Baldwin,* all of said *New-Haven,* were, at the com-mencement of this action, stockholders and members of said corporation, residing and dwelling in said city of *New-Haven.*

The pleadings were closed by a demurrer and joinder ; and the case was reserved for the advice of this court.

*Bissell* and *C. A. Ingersoll,* in support of the demurrer, remarked, that the action, being a transitory one, the plaintiffs being inhabitants of another state, and no estate being attach-ed, the only question in the case, is, whether the defendants, being inhabitants of this state, *dwelt* in the county of *New-Haven,* or not being inhabitants of this state, *were* in that

*Wood*
*v.*
The Hartford
Fire Insurance
Company.

*New-Haven,*
*July, 1839.*

Wood
*v.*
The Hartford
Fire Insurance
Company.

county, at the commencement of the suit.    *Stat.* 41. *tit.* 2. *s.* 21.    They then contended, 1. That the defendants neither dwelt nor were in the county of *New-Haven.*

In the first place, the fact that the defendants had an agent there, who had an office there, in which he transacted the company's business, cannot affect the question of jurisdiction. The company has its business agents where it does not dwell or be.

Secondly, the fact that two or three of the stockholders resided in *New-Haven,* does not shew, that the defendants dwelt or were there.    This depends upon the result of the enquiry whether the corporation, or the corporators, be the party.    Who is sued ?    The corporation, certainly ; and by its corporate name.    *Gould's Plead.* 87. *c.* 3. *pl.* 61.    The members are not sued.    Service on *them* would not be legal notice to the corporation.    *Rand* v. *Proprietors of the Upper Locks and Canals on Connecticut River,* 3 *Day* 441.    If the members of the corporation were the defendants, a corporator could not bring a suit against the corporation ; for in that suit he would be a party defendant, as well as a party plaintiff ; which is a legal absurdity.    The members, as such, cannot controul the suit.    Their admissions cannot be received.    *Hartford Bank* v. *Hart,* 3 *Day* 493.    The execution would not issue against them.    When the defendant is out of the state, at the commencement of the suit ; when demand is to be made on an execution ; when appraisers of land levied upon are to be appointed ; when notice is to be given of the taking of a deposition ; the party referred to, is not an individual member, or any members, of the corporation, but the corporate body itself.

But this is not an open question, upon the *authorities :* they shew, decisively, that when the corporation is sued, the members are not the defendants.    *Southmayd* v. *Russ,* 3 *Conn. Rep.* 57. per *Bristol,* J.    The *United States* v. *Noyes,* 4 *Conn. Rep.* 340.    *Sill* v. *Bank of the United States,* 5 *Conn. Rep.* 102.    *Brumley* v. *The Westchester County Manufacturing Society,* 1 *Johns. Ch. Rep.* 366.    *Adams* v. *The Wiscasset Bank,* 1 *Greenl.* 361.

The claim of the plaintiffs that the corporators are the defendants (although for that purpose they rely upon the case of the *United States Bank* v. *Deveaux* & al. 5 *Cranch* 61. and other cases) cannot be sustained, by the decisions of the supreme

court of the *United States* in regard to the jurisdiction of the courts of the *United States.*   The laws of the *United States* give jurisdiction to the courts of the *United States*, first, when the *United States* are plaintiffs; secondly, when an alien is a party ; and thirdly, when the suit is between a citizen of the state where the suit is brought, and a citizen of another state. The language is not, when *the parties* are citizens of different states.   The language of the constitution of the *United States* is, "controversies between citizens of different states."   May not a suit or controversy, within the meaning of the constitution, be between citizens of different states, when the parties are not one a citizen of one state and the other a citizen of a different state ?   *Browne* & al. v. *Strode,* 5 *Cranch* 303. By the eleventh amendment of the constitution of the *United States,* "the judicial power of the *United States* shall not extend to any suit in law or equity, commenced or prosecuted against one of the *United States.*"   If the doctrine of the plaintiffs be correct, in a case where a state owns stock in a corporation, and that corporation is sued, the state is a defendant ; and therefore, cannot be sued in the *United States* courts ; but in a case of this kind, it has been decided, in the supreme court of the *United States,* that when a state is a corporator and the corporation is sued, the state is not a defendant.   *Bank of the United States* v. *The Planters Bank of Georgia,* 9 *Wheat.* 904.   *Bank of Kentucky* v. *Wister,* 2 *Peters* 321.

Thirdly, the *practice* has hitherto been uniform, in suits against a corporation, when the plaintiff was not an inhabitant of this state, to bring the action in the county in which the corporation is located or established, or in which its office is kept. No attempt has before been made to introduce a different practice.   And a different practice would now be attended with much inconvenience.   If the plaintiffs are right, a suit in favour of a bank in *New-Haven* county against a defendant in the same county, could be brought in *Windham* county, if a single stockholder resided in the latter county.

2. That the corporation sued is an inhabitant of the town of *Hartford*, within the meaning of the act relating to venue. A corporation is a *person.*   9 *Conn. Rep.* 434.   *The United States* v. *Amedy,* 9 *Wheat.* 322.   And may be an inhabitant and occupier.   10 *Wend.* 186.   12 *Wend.* 544.   This

*New-Haven,*
July, 1839.

Wood
*v.*
The Hartford
Fire Insurance
Company.

New-Haven, corporation is required, by its charter, to keep its office in
July, 1839.
_____  Hartford.   It occupies and dwells where it is required to keep
Wood      its office.   Judge *Story* speaks of the "domicil" of the corpo-
v.
The Hartford ration.   2 *Gallis.* 131.   If it is an inhabitant, dwelling in
Fire Insurance
Company.  Hartford, then clearly the courts in *New-Haven* county have
not jurisdiction.

*Baldwin* and *Kimberly*, contra, contended, 1. That the party sued is an inhabitant of this state.   It is the creature of the legislature of the state, with local limits co-extensive with the state, but not extending beyond it; endowed with the ordinary powers and privileges and subject to the ordinary liabilities of persons; with the express power of suing and being sued.   For these purposes, surely, this party is an inhabitant of the state.

2. That this party does not dwell *exclusively* in the county of *Hartford*.

First, the corporation does not, necessarily, dwell where the secretary or other officers or agents reside.   The statute authorizes service to be made upon the corporation, by leaving a copy with the secretary, &c.; but the secretary is not the party, in any sense.   He may have no interest in the corporation; he is merely the recording officer; he may reside in one county, while all the stockholders reside in another; he may, indeed, reside in one town, while the corporation may be *located* in another.   *Kirkpatrick* v. *White* & al. 4 *Wash. C. C. Rep.* 595.   *The United States Bank* v. *McKenzie*, 2 *Brock.* 399.

Nor is, secondly, the dwelling-place of the corporation, necessarily, where they ordinarily transact their business, or where they keep an office, or where they own property.   *Vid. sup.*   Many corporations have no office or place of doing business—*e. g.* turnpike and rail-road companies, acqueduct companies, missionary and education societies, &c.

Thirdly, it does not strengthen the case, that the company is required, by its charter, to keep an office in *Hartford :* it is no more than if the company voluntarily established an office there.   It does not follow, that it is to be the only, or even the principal, place of business.   It may and does transact its business elsewhere.   In the case of *The Hartford Fire Insurance Company* v. *Hartford*, 3 *Conn. Rep.* 15. the court decided, that this company was not *located* in *Hartford ;* that

it was not an inhabitant of *Hartford ;* that the term " inhabitant," in its common acceptation, is the same as " resident," " dweller," &c.   [The counsel here referred to several statutes of this state, and acts of Congress, where the term was used in the same sense.]   This corporation could not be said to dwell, to reside, to live, to be in *Hartford*, if it could not be considered an inhabitant.

*New-Haven,*
July, 1839.

Wood
*v.*
The Hartford
Fire Insurance
Company.

3.  That for the purpose of determining the question of jurisdiction, the court will look beyond the corporate name to the individual corporators.   The terms *citizen, inhabitant, dwells, resides, lives, is—*all for this purpose have reference to the individual members.   In the *United States Bank* v. *Mc Kenzie,* 2 *Brock.* 394. 399. the court held, that the real plaintiffs were the stockholders.   The question in that case was *where* was the party suing, during the five years that the statute of limitations had run ?   The plaintiff claimed to have been, during that time, in *Pennsylvania,* because the principal office was there ; because the directors were required to prosecute their business there ; because the bank was " *seated*" there.   But the court held, that the plaintiff was as much in *Richmond* as in *Philadelphia,* inasmuch as there were stockholders there.   In the *United States Bank* v. *Deveaux,* 5 *Cranch,* 61. the plaintiffs were described, by their corporate name ; and the averment was, that " the plaintiffs were citizens of *Pennsylvania ;* it was held to be the same as if it were—" all the stockholders are citizens."   In *Kirkpatrick* (of *New-Jersey*) v. *White* and the *Lehigh Coal Company,* 4 *Wash. C. C. Rep.* 595. where two of the corporators, defendants, were citizens of *Pennsylvania,* the court say, the *party* is the *members* of the corporation.   The same doctrine is recognized in the case of the *United States Bank* v. *The Planters Bank of Georgia,* 9 *Wheat.* 904.   See also the *Lexington Manufacturing Company* v. *Dorr,* 2 *Littell,* 256.

It will be conceded, that the residence of one of several copartners, joint contractors, or tort-feasors will give jurisdiction. This is well settled in practice, and is necessary, in many cases, to prevent a failure of justice.   The *party* is considered as dwelling where either of the partners dwells ; no matter how numerous or how widely scattered the association.   Why should this cease to be so in respect to the same association of

*New-Haven,* natural persons, when they are incorporated ?  They are
July, 1839.  merely authorized to act in a corporate name.

Wood
v.
The Hartford
Fire Insurance
Company.

4.  That this has always been considered as the law in *Con-
necticut,* by the profession and by the courts.  It has always
been the practice to aver, that the suit is brought by *A B,* a
stockholder *living* and *dwelling* in the county ; or to aver,
that the corporation is *located,* &c.  No lawyer would have
risked a simple averment, that the corporation had a place of
doing business in the county, or that the officers resided there-
in.  [The counsel referred to five cases then pending in *New-
Haven* county, and to several other cases on file.]  The rule
in question has been uniformly recognized, by the judges upon
the circuit and in the supreme court of errors, in the applica-
tion of the statute of disqualification arising from relationship
between the judge and a *party* in a civil action : if the relation
specified exists between the judge and any *member* of the cor-
poration, he is considered as disqualified.

CHURCH, J.  Our statute regulating venue, except in cases
where the title to lands is to be tried, and in actions of trespass
*quare clausum fregit,* and cases where estate is attached,
provides " that all actions brought before the county and su-
perior courts, shall be brought and tried in that county where
the plaintiff or defendant dwells, if either of them are inhabit-
ants of this state ; but if neither the plaintiff nor defendant are
inhabitants of this state, then the suit shall be brought and
tried in the county where the defendant is, when the suit is
commenced."  *Stat.* 41. *tit.* 2. *s.* 21.

1.  The present plaintiffs are not inhabitants of this state ;
and this makes it necessary to enquire whether the defendant
was, or what is essentially the same thing, whether this corpora-
tion, in its corporate character and capacity, *dwelt* in the coun-
ty of *New-Haven,* or indeed in any other county, or *was* in
any county in this state, when this suit was brought.  This
is an all-important enquiry ; because it is certain, that if this
corporation defendant has no local existence in this state, the
plaintiffs, being non-residents, can sustain no action here, for
want of jurisdiction in our courts, however perfect their right
of action may be ; unless the stockholders of the company may
be regarded as in truth the defendants.

An aggregate corporation has sometimes been considered

and treated as a local inhabitant, both in *England* and in some of our sister states; especially, within the equitable provisions of certain statute laws regulating the levying and collection of taxes. 2 *Mod*. 185. 1 *Vent*. 311. *Rex* v. *Gardner, Cowp*. 79. *The People* v. *Utica Ins. Co.* 15 *Johns. Rep*. 358. *Ontario Bank* v. *Bunnell*, 10 *Wend*. 186. And that corporations may be considered as occupiers of land, so as to be taxed for it in particular places, in the same manner as natural persons may be taxed in respect of real estate owned by them, we are not disposed to deny. But this court, in a case in which this very corporation was a party, on a former occasion, has already settled the question of its inhabitancy, and has said, that it was not an inhabitant of the town of *Hartford*, even for the purposes of taxation. *Hartford Fire Ins. Co.* v. *Town of Hartford*, 3 *Conn. Rep*. 15.

A corporation is a mere ideal existence, subsisting only in contemplation of law; an invisible being, which can have, in fact, no locality, and can occupy no space; and therefore, cannot have a dwelling-place. This view of the nature of a corporation induced the supreme court of the *United States* to say, that under the national constitution regulating the jurisdiction of courts, a corporation cannot, in its corporate character, be considered as a citizen. *Bank of the United States* v. *Deveaux*, 5 *Cranch* 61. *Hope Ins. Co.* v. *Boardman* & al. *Id*. 57. *Cooper's* lessee v. *Galbraith*, cited in *Cox's Digest* 433.

But this court has very explicitly settled this point, in the case of *Hartford Fire Ins. Co.* v. *Town of Hartford*, before cited. In that case, the authorities of the town of *Hartford* had levied and collected a tax upon 30,000 dollars of the stock of the *Hartford Bank*, which was owned by the *Hartford Fire Ins. Co.*; and the suit was brought to recover back the amount of the tax thus collected, on the ground that this corporation was not an inhabitant of the town of *Hartford* within the meaning of the statute then in force, requiring the inhabitants of the several towns to give in their lists of taxable estate to the listers, that the same might be taxed. And the Chief Justice, in giving the opinion of the court, says: "The popular sense of the term is the same as *resident*, or one who lives in a place. An inhabitant necessarily implies an inhabitation. It requires no reflection to determine, that in this sense a cor-

*New-Haven,*
*July, 1839.*

Wood
*v.*
The Hartford
Fire Insurance
Company.

*New-Haven,*
*July, 1839.*

Wood
*v.*
The Hartford
Fire Insurance
Company.

poration resides nowhere." We do not deny, that the power which can give existence and a name to a corporation, can also give to it a local habitation, by law, if not in fact. And our legislature, perhaps, has done so, in all instances, where, in express terms, or in some other equivalent manner, it has located and established a corporation in a particular place; as in the cases of the *East-Haddam Bank, Exchange Bank, Farmers and Mechanics Bank, Hartford Orphan Asylum,* &c. But the legislature has not done this, in the case of this corporation. *The Hartford Fire Insurance Company,* by its charter, is required to keep an office in the city of *Hartford;* but the artificial person, the corporation, is not located there: it may and does keep offices elsewhere; and indeed, at the commencement of this suit, had one in the city of *New-Haven,* within the county where this action was brought. That this requirement of the charter did not give locality or a residence to the company in *Hartford,* was one of the points made and decided in the aforesaid case of the *Hartford Fire Ins. Co.* v. *The Town of Hartford,* and the court say: " This office need not be the property of the corporation, and its contracts are valid, if made in any other town: it is merely a place prescribed, to which persons desirous to obtain insurance may apply. Now, I am at a loss to conceive by what analogy or figure of speech, in the absence of all usage, an invisible, incorporeal entity may be said to reside in a place, on the slight ground contended for." We cannot, therefore, in face of the principles adverted to, and especially in face of a decision of this court upon this very matter, now hold, that this company, in its corporate character, *lived* or *resided* in the county of *Hartford,* or *was* there, when this suit was commenced.

2. Another question is necessarily suggested, by the foregoing opinion; and that is, whether for the purpose of sustaining jurisdiction, we may regard the stockholders in this institution as the real party defendants, and consider their places of residence as material, so that within the operation of our statute, we may say, where these stockholders are, there are the defendants? If we cannot do this, we see not any remedy for the plaintiffs in the courts of this state. We believe we can sustain the jurisdiction of the court in this case, without any departure from principle, and in conformity with well estab-

New-Haven,
July, 1839.

Wood
v.
The Hartford
Fire Insurance
Company.

lished precedents. In saying this, we do not dispute the general principle, that the corporation, in its corporate capacity, is the responsible and actual party, and so to be regarded and treated, in all cases where no actual necessity exists of looking beyond the form of its being ; and therefore, we admit, with the defendants, that a corporator cannot controul an action in which the corporation is the party ; that his confessions cannot affect the corporate interests; and indeed, that he may even prosecute an action against the corporation of which he is a member.

The courts of this state have, in several instances, regarded the individual members of a corporation as being essentially the parties. Our statute defining the disqualification of judges, provides, that whenever there shall be so near a relationship between any judge and any party in a civil action, as between father and son, &c. such judge shall be disqualified to act. Under this statute, the practice has been invariable, in cases of private corporations especially, for judges to decline judging, if they stood within the prohibited degrees of relationship to any stockholder in such corporation. And that such a relationship is a legal disqualification, seemed to be conceded, by this court, in the case of *Winchester* v. *Hinsdale,* 12 *Conn. Rep.* 88. In the case of public corporations, such as towns, &c., the individual inhabitants have been, in this state, so far considered as the parties to suits against such towns, as that executions against the corporations can be levied upon the property and collected of such individuals. *Atwater* v. *Woodbridge,* 6 *Conn. Rep.* 223. *McLoud* & al. v. *Selby,* 10 *Conn. Rep.* 390. And it is now well settled, that in cases, where, in suits against corporations, a disclosure from such corporation becomes necessary, the corporators can be required to make such disclosure. *Knox* v. *Protection Ins. Co.* 9 *Conn. Rep.* 430. *Dummer* v. *Chippenham,* 14 *Ves.* 245. *Brumly* v. *Westchester County Manufacturing Society,* 1 *Johns. Ch. Rep.* 366.

If this company was a co-partnership without incorporation, and some of its members dwelt in the county of *New-Haven,* no objection to the jurisdiction of the courts of that county could have existed : the individual stockholders or co-partners would then have been literally, as well as essentially, defendants. An act of incorporation does not materially change

New-Haven,
July, 1839.

Wood
v.
The Hartford
Fire Insurance
Company.

either the character or interests of a solvent company; it modifies them for the convenience and benefit of the individual members, and thereby confers upon them an important privilege; but not such a privilege as to afford them an exemption from legal responsibilities. This subject received an early judicial notice in *England*, in the case of the *Mayor and Commonalty of London* v. *Wood*, 12 *Mod.* 669. A suit was brought, by the mayor and commonalty of *London*, before the court of the mayor and aldermen of the same city, and a judgment rendered for the plaintiffs, which was afterwards reversed, by the court of *King's Bench*, on the ground that the real plaintiffs in that case being the citizens of *London*, the mayor's court had no jurisdiction. In the supreme court of the *United States*, and in the circuit courts, this question has been very fully considered, and, we suppose, has been settled. In the case of *Hope Insurance Company* v. *Boardman* & al. 5 *Cranch* 57., and in the case of *The Bank of the United States* v. *Deveaux* & al. 5 *Cranch* 61. it was holden, as has before been stated, that an aggregate corporation, in its corporate capacity, could not be a citizen; and also, that on a question of jurisdiction, the character and places of residence of the individuals composing such a corporation, are to be regarded, inasmuch as these individuals are, substantially and essentially, the parties.

And indeed, it is now said, that on points of jurisdiction, this principle forms one of the canons of the national courts. *Bank of the United States* v. *Planters' Bank*, 9 *Wheat.* 904. *Society for the Propagation of the Gospel* v. *Wheeler*, 2 *Gallis.* 106. *Kirkpatrick* v. *Lehigh Coal and Navigation Co.* 4 *Wash. C. C. Rep.* 595. *Lexington Manufacturing Co.* v. *Dorr*, 2 *Litt.* 256. 3 *Mason* 158. And if any doubt has remained on this question, since the cases before cited, it should no longer exist since the very recent case of the *Bank of Augusta* v. *Earle*, 13 *Peters* 521., in which the doctrine before stated is very distinctly alluded to and recognized, by the court.

We conclude, therefore, as the plaintiffs are non-residents, and as some of the stockholders in this corporation lived and resided in the county of *New-Haven*, when this suit was brought, that the courts of *New-Haven* county had jurisdic-

tion of the cause ; and the superior court will be advised, that the replication to the plea in abatement is sufficient.

In this opinion the other Judges concurred.

*New-Haven,*
*July, 1839.*

Replication sufficient.