GEORGE A. ANDERSON ET AL. *v.* NEWMAN E. ARGRAVES,
HIGHWAY COMMISSIONER

DALY, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued February 3—decided April 7, 1959

*Harry Cohen,* for the appellants (plaintiffs).

*J. Kenneth Bradley* and *Raymond J. Cannon,* assistant attorney general, with whom were *Francis A. Smith, Jr.,* and, on the brief, *Albert L. Coles,* attorney general, and *A. Reynolds Gordon,* for the appellee (defendant).

DALY, C. J.   The plaintiffs brought this action against the state highway commissioner to recover for damage alleged to have been occasioned to their respective properties.   They averred in their substituted complaint as amended, hereinafter referred to as the complaint, that "the defendant was in control of a certain culvert and embankment over the West Branch of the Shepaug River and under a part of the main State Highway, known as Route #25"; that the "culvert and embankment were erected and maintained by the defendant and his predecessors, for the purpose of directing, controlling and diverting the watercourse, known as the Shepaug River, and to prevent said waters from flowing upon the highway, Route #25, and to drain off the water therefrom, by causing said waters to flow through said culvert under said highway and into said Shepaug River"; that the "culvert was constructed above the lands of the plaintiffs much narrower than the bed of the stream and wholly in-

sufficient to prevent the flow of water into and through their properties"; that "the defendant and his agents and employees, knowingly permitted said culvert to become and remain clogged, blocked, choked and obstructed with debris, so as to form a dam"; that on August 19, 1955, the water held back by this dam "burst through and over" the highway and upon the properties of the plaintiffs, which were situated five to seven miles south of the culvert and embankment; and that, although "the defendant could have removed the obstructing embankment and culvert and could have erected a span type bridge across the watercourse, so as to avoid directing the waters upon the properties of the plaintiffs, and although these, or similar protective measures would have been more feasible and expedient, no real effort was made to protect the properties of the plaintiffs." In addition, the plaintiffs alleged in their complaint that because the defendant failed to take steps to protect their properties, "the damages and losses were unnecessarily sustained" by them, that as a result their properties "were inundated, damaged and destroyed by a wall of water which drained from said highway" into and upon their yards and dwellings, and that a statutory duty to take steps to protect the plaintiffs' properties was imposed upon the defendant by §§ 2134 and 2194 of the 1949 Revision of the General Statutes (Rev. 1958, §§ 13-18, 13-79).[1]

---

[1] "Sec. 2134. HIGHWAYS MAY BE DRAINED INTO PRIVATE LANDS. Persons authorized to construct or to repair highways may make or clear any watercourse or place for draining off the water therefrom into or through any person's land so far as necessary to drain off such water; and, when it shall be necessary to make any drain upon or through any person's land for the purpose named in this section, it shall be done in such way as to do the least damage to such land; provided nothing in this section shall be so construed as to allow the

The defendant filed a demurrer to the complaint.[2] The court sustained the demurrer upon all the grounds stated therein. The plaintiffs having failed to plead further, judgment was rendered for the defendant. The plaintiffs have appealed. They claim that the court erred in sustaining the demurrer.

The law is firmly established that the state cannot be sued except with its consent. *Somers* v. *Hill*, 143 Conn. 476, 479, 123 A.2d 468; *Scranton* v. *L. G. DeFelice & Son, Inc.*, 137 Conn. 580, 585, 79 A.2d 600; *Anselmo* v. *Cox*, 135 Conn. 78, 80, 60 A.2d 767. Whether a particular action is one against the state is not determined solely by referring to the parties of record. The fact that the state is not named as a defendant does not conclusively establish that the action is not within the principle which

drainage of water from such highways into, upon, through or under the yard of any dwelling house, or into or upon yards and inclosures used exclusively for the storage and sale of goods and merchandise."

"Sec. 2194. ALTERING OF HIGHWAYS; ENTRY UPON PRIVATE PROPERTY. The highway commissioner shall have power to lay out, alter, construct or reconstruct, maintain or repair, widen or grade any highway whenever, in his judgment, the interest of the state shall so require. Said commissioner or his agent may enter upon private property for the purpose of surveying or examining such property for the location or relocation of any highway, or for the determination of the boundary line of any highway under his control. He shall use care so that no unnecessary damage shall result, and the state shall be liable to the owner of any property for any damage he may cause such owner."

[2] "DEMURRER

The defendant in the above entitled matters [demurs] to the allegations of the plaintiffs' complaint and sets forth as the ground of said demurrer the following:

1. A civil action brought against the defendant in his capacity as Highway Commissioner of the State of Connecticut is equivalent to a claimed cause of action against the State of Connecticut, and the defendant in his capacity as Highway Commissioner is immune from any such civil action, and the plaintiffs are barred from the bringing of the same except insofar as the State of Connecticut has

prohibits actions against the sovereign without its consent. Ordinarily, where a state official has been sued concerning some matter in which he represents the state and the state, though not a named defendant, is the real party against whom relief is sought, so that the judgment, though nominally against the official, will operate to control the activities of the state or subject it to liability, the suit is, in effect, one against the state and cannot be maintained without its consent. *Somers* v. *Hill,* supra. The office of highway commissioner is an agency of the state created for the purpose of carrying out a state function. For this reason, the commissioner is, so far as the allegations of this complaint are concerned, clothed with immunity from suit against him as the representative of the state. *Somers* v. *Hill,* supra, 480; *Munson* v. *MacDonald,* 113 Conn. 651, 660, 155 A. 910.

consented by statutory enactment to the bringing of such cause. It is not alleged in the complaint that the cause of action stated therein falls within the exception under which actions are permitted against the Highway Commissioner and the State of Connecticut by Section 2201 [of the General Statutes, Rev. 1949; as amended, Rev. 1958, § 13-87] or by any special legislative enactment. Indeed, it appears affirmatively that the cause of action is based on Section 2134 [of the General Statutes, Rev. 1949; now Rev. 1958, § 13-18] which does not by its language or intended meaning permit a suit against the Highway Commissioner.

2. Said complaint by its allegations purports to charge the defendant with a breach of his statutory duty under Section 2134 of the Connecticut General Statutes [Rev. 1949] for causing a water course to be directed and cleared into and through the properties of the plaintiffs. It appears affirmatively from the plaintiffs' complaint that this water course was in reality the Shepaug River which merely flowed through a culvert under Route 25 and was not a water course for draining the water off of the highway. The defendant, if he is liable for a breach of duty insofar as Section 2134 is concerned, is only liable for that unnecessary damage which he has caused by directing a watercourse or a place for the draining of water into or through the plaintiffs' land for surface water from the highway itself."

The plaintiffs claim that consent for the bringing of this action as set forth in the complaint was granted by §§ 2134 and 2194. They rely on *Penn* v. *Cox,* 6 Conn. Sup. 486, as authority for this claim. By the enactment of §§ 2134 and 2194, the state did not give consent to the bringing of the instant action. The plaintiffs' contention that *Penn* v. *Cox,* supra, is authority for their claim is without merit and deserves no further consideration.

There is no error.

In this opinion the other judges concurred.