AUGUSTUS SIMMONS *v.* FRANK C. PARIZEK ET AL.

KING, C. J., HOUSE, COTTER, THIM and RYAN, Js.

Argued May 9—decided June 17, 1969

*Thomas P. Byrne,* for the appellant (plaintiff).

*Frederick D. Neusner,* assistant attorney general, with whom were *Gerard J. Dowling,* assistant attorney general, and, on the brief, *Robert K. Killian,* attorney general, for the appellees (defendants).

THIM, J.   The plaintiff brought an ejectment action against the defendants as duly appointed members of the aeronautics commission of the state of Connecticut. He alleged, in his complaint, that he was the owner of some five acres of real estate located in the town of East Granby, that the defendants wrongfully entered upon his land, dispossessed him, and deprived him of rents and profits, and that they continued to remain in possession of the land. The plaintiff requested a judgment for possession of the premises and $50,000 damages.

The defendants demurred to the complaint on the ground that the action was a suit against the state of Connecticut and that, as such, it was not maintainable without the consent of the state. The court sustained the demurrer, and from the judgment rendered the plaintiff has appealed to this court. The limited question presented on this appeal is whether the trial court was correct in ruling that the complaint was demurrable in view of the defendants' claim of sovereign immunity.

Essentially, the plaintiff alleged that the defend-

ants wrongfully deprived him of possession of his real estate; this conclusion, however, is unsupported by allegations of subordinate facts. See Practice Book § 70. We note that the plaintiff could have put the legal issue into much sharper focus if he had alleged the subordinate facts which he claimed had given rise to his conclusion that he was wrongfully dispossessed. Although the plaintiff's complaint may have contained allegations of the essential elements of a cause of action in ejectment, it lacked allegations essential in an action to recover real property claimed to have been wrongfully taken and retained by state officials.

It is firmly established in Connecticut that the state cannot be sued without its consent. *Murphy* v. *Ives,* 151 Conn. 259, 262, 196 A.2d 596; *Anderson* v. *Argraves,* 146 Conn. 316, 319, 150 A.2d 295; *Somers* v. *Hill,* 143 Conn. 476, 479, 123 A.2d 468; *Anselmo* v. *Cox,* 135 Conn. 78, 80, 60 A.2d 767, cert. denied, 335 U.S. 859, 69 S. Ct. 132, 93 L. Ed. 405. Although the plaintiff brought this ejectment suit against the defendants as members of the aeronautics commission, the trial court was correct in treating it as a suit against the state of Connecticut. There is nothing to indicate that the defendants exceeded their powers by taking and holding the real estate which is the subject in controversy. The state was the real party in interest because the defendants would have to act as a commission in order to comply with any court orders concerning the land, which had presumably been placed in their joint possession by the state. If the plaintiff prevailed in this action, the judgment would certainly control the activities of the state. Therefore, this suit is clearly one against the state; *Murphy* v. *Ives,* supra; *Anderson* v. *Argraves,* supra, 319, 320; *Somers* v. *Hill,*

supra, 480; and, as such, it cannot be maintained without the state's consent.

It does not necessarily follow, however, that every action in which state officials or members of state agencies are named defendants and designated by official titles should be treated as an action against the state such as to clothe the defendants with immunity from suit. Sovereign immunity does not protect state officials from suits to recover property taken or held in violation of the constitution or without statutory authority, even though the property is held in the name of the state of Connecticut. *Malone* v. *Bowdoin,* 369 U.S. 643, 645–47, 82 S. Ct. 980, 8 L. Ed. 2d 168; *Larson* v. *Domestic & Foreign Commerce Corporation,* 337 U.S. 682, 690, 691, 697, 69 S. Ct. 1457, 93 L. Ed. 1628 (a case limiting the holding of *United States* v. *Lee,* 106 U.S. 196, 1 S. Ct. 240, 27 L. Ed. 171); *Weaver* v. *Ives,* 152 Conn. 586, 590, 591, 210 A.2d 661; *Anselmo* v. *Cox,* supra, 81, 82; *Boxberger* v. *Highway Dept.,* 126 Colo. 438, 440, 250 P.2d 1007; *State Road Department* v. *Harvey,* 142 So. 2d 773, 774 (Fla.); *Dunne* v. *State,* 162 Md. 274, 285, 286, 159 A. 751; *Stockton* v. *Morris & Pierce,* 172 Tenn. 197, 204, 110 S.W.2d 480; see 49 Am. Jur., States, Territories, and Dependencies, § 94; 81 C.J.S., States, § 216 (b) (2). Such conduct on the part of state officials would exceed their powers and, as such, would not be the conduct of the state of Connecticut. Furthermore, the state is powerless to authorize its agents to take or hold real property unconstitutionally or without statutory authority. State officials cannot therefore shield themselves with sovereign immunity if a party alleges and proves that they took or retained his real property in a manner which was either unconstitutional or unauthorized by statute.

The plaintiff has not alleged facts which show that the defendants took or held his property unconstitutionally or without statutory authority. Therefore, the demurrer was properly sustained.

There is no error.

In this opinion the other judges concurred.