STELLA ASCHENBACH *v.* VIOLA L. SUROWIEC ET AL.

HOUSE, C. J., COTTER, SHAPIRO, LOISELLE and BOGDANSKI, Js.

Argued October 10—decided October 31, 1973

*William J. Galvin, Jr.,* for the appellant (plaintiff).

*David J. Della-Bitta,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *F. Michael Ahern,* assistant attorney general, for the appellees (defendants).

PER CURIAM. In this action, instituted by writ and complaint dated May 5, 1971, the plaintiff sought a declaratory judgment relative to the powers of the board of education of Windsor and the state teachers' retirement board with respect to her retirement for disability. The original complaint named as defendants Viola L. Surowiec and Thomas H. Skirm. The record does not disclose the capacity in which they were sued. The judgment recites, however, that subsequently two separate substituted complaints were filed, and that on October 15, 1971, the court ordered that the Windsor board of education, James Hagen, Paul Altermatt, William J. Sanders, Norine F. Kennedy, Frank L. Metcalf and Robert I. Berdon "be substituted as party defendants in place of Viola L. Surowiec and Thomas H. Skirm." These named individuals, substituted as defendants, thereupon moved that the cause be erased from the docket on the grounds that Berdon was treasurer of the state of Connecticut, that the others were members of the state teachers' retirement board, and that the action was against the state of Connecticut since these individuals were being sued for actions taken while acting in their official capacity as officers of the state and it did not appear that the state had expressly consented to or authorized the action. The court granted the motion and, as the judgment recites, ordered that the action be erased as to these specifically named individuals only. From this judgment the plaintiff appealed.

The confusion apparent in the record is indicated by the language of the plaintiff's appeal, which was taken "to the supreme court of errors [sic] from the decision of the court granting the intervenors' motion to erase and plea in abatement." Since the record discloses no plea in abatement, and

the judgment indicates that the parties who moved to erase were not intervenors as additional parties but "substituted as party defendants in place of" the original defendants, we must decide the appeal on the record and judgment as presented to us.

On the record it appears that the motion to erase was properly filed; Practice Book § 94; *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* 157 Conn. 122, 123, 249 A.2d 256; and was properly granted. *Baker* v. *Ives,* 162 Conn. 295, 298, 294 A.2d 290; *Simmons* v. *Parizek,* 158 Conn. 304, 306, 259 A.2d 642; *Anderson* v. *Argraves,* 146 Conn. 316, 319, 150 A.2d 295.

There is no error.