In this action, instituted by writ and complaint dated December 20, 1971, the plaintiff in the second count sought damages from the defendants James Mellon, Thomas E. Noone, Henry White, and the Connecticut state welfare department (hereinafter referred to as the defendants), because of their negligence and failure to make direct mailings of rental payments due the plaintiff from welfare recipients. In the second count of his complaint the plaintiff alleged that the defendants Were "responsible for the administration of state Welfare funds which were to pay for said rental." On May 1, 1975, the defendants moved that the cause of action be erased from the docket since the court did not have jurisdiction on the ground that "they are state employees acting within the scope of employment and an agency of the State of Connecticut and are immune from liability as state employees and sovereign." *Page 547 
The motion to erase was set down for hearing on May 19, 1975, during a special short calendar session for final disposition of dormant cases. On the morning of May 19, the plaintiff filed a "Motion to Amend Complaint and Proposed Amendment," pursuant to 132 (c) of the Practice Book.[1]
By memorandum of decision dated June 4, 1975, the court granted the defendants' motion to erase. The plaintiff has appealed from that action. His principal claims are that the court erred in granting the motion to erase and in not ruling on the motion to amend and on the proposed amended complaint.
We do not agree with the plaintiff's contention that the court did not rule on his motion to amend. The court had the plaintiff's motion before it. By granting the defendants' motion to erase, the court implicitly denied the plaintiff's motion to amend. Practice Book 132 provides, in pertinent part, that "[t]he court may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial." Taking judicial notice of the file, we note that the plaintiff filed his motion to amend over three-and-a-half years after he filed his original complaint and on the very day that his case was marked for final disposition on the dormant list. The court did not abuse its discretion by implicitly denying the plaintiff's motion and ruling on the defendants' motion to erase. Cf. State ex rel. Scala v. Airport Commission,154 Conn. 168, 178-79.
"It is the established law of our state that the state is immune from suit unless the state, by appropriate legislation, consents to be sued." Baker v. Ives, 162 Conn. 295, 298; Simmons v. Parizek, *Page 548 158 Conn. 304, 306. "Ordinarily, where a state official has been sued concerning some matter in which he represents the state and the state, though not a named defendant, is the real party against whom relief is sought, so that the judgment, though nominally against the official, will operate to control the activities of the state or subject it to liability, the suit is, in effect, one against the state and cannot be maintained without its consent." Anderson v. Argraves, 146 Conn. 316, 320.
Section 4-165 of the General Statutes provides as follows: "No state officer or employee shall be personally liable for damage or injury, not wanton or wilful, caused in the performance of his duties and within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter." The plaintiff in his complaint alleges that the defendants were responsible for the administration of state welfare funds and that because of their negligence in that capacity he sustained certain damages. The statute bars judicial consideration of any such claims and relegates them to the administrative process. It is clear, therefore, that the court lacked jurisdiction over the subject matter of the second count of the complaint. The validity of that conclusion appears to have been recognized by the belated attempt of the plaintiff to amend his complaint in order to bring his cause of action within the statutory exception for "wanton or wilful" misconduct.
"Where want of jurisdiction appears on the record, the defect should be raised by a motion to erase from the docket. Thus where the nature of the action . . . shows that the court has no jurisdiction . . . a motion to erase shall be used." Practice Book 94. Since the lack of jurisdiction rests on the statutory bar against the "nature" of the *Page 549 
plaintiff's action against these defendants as alleged in the complaint, the question of jurisdiction was properly raised by filing the motion to erase and Was properly granted. Aschenbach v. Surowiec, 165 Conn. 369, 371.
 There is no error.
SPEZIALE, D. SHEA, and SPONZO, Js., participated in this decision.