[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
FACTUAL BACKGROUND
Plaintiff, The Taylor Fenn Company, a Connecticut corporation, (hereinafter "Taylor Fenn"), has filed a three-count complaint against defendant Emil H. Frankel, Commissioner of Transportation (hereinafter the "Commissioner"). In count one, plaintiff alleges that on or about March 17, 1958, it entered into an agreement with the Greater Hartford Bridge Authority (hereinafter the "Authority"), "a public corporation and body politic created by 1955 P.A. 55-508 and dissolved by 1974 P.A. 74-342 15." The agreement, which is incorporated into the complaint pursuant to Practice Book 141, provided for the exchange of interests in land in order that the Authority could construct a highway approach to what is now known as the CT Page 10038 Captain John Bissell Bridge. Specifically, plaintiff agreed to execute and deliver to the State of Connecticut quit-claim deeds to three parcels of land owned by plaintiff, and plaintiff further agreed to provide the Authority with a leasehold interest in a portion of plaintiff's property. In exchange, the Authority agreed to provide plaintiff with a leasehold interest, two easements, $100,000.00 damages, and further agreed to the following:
 The Authority further covenants and agrees that whenever the so-called temporary ramp, which is more fully shown on Exhibit A, is discontinued it will immediately do the following:
1. Execute and deliver Exhibit J.
 2. Construct a road over the area outlined in red on Exhibit K, said road to be constructed substantially the same in design and material as the present access road of the Corporation.
Agreement, Exhibit A-1, p. 4). Exhibit J is defined in the agreement as a quit-claim deed from the Authority to plaintiff. At the time of execution of the agreement, the parties executed and delivered that agreed-upon property interests, with the exception of Exhibit J.
Plaintiff alleges that at the present time, in accordance with General Statutes 13a-29, the defendant Commissioner of Transportation is the successor in interest to the rights and obligations of the Authority. Plaintiff alleges that
 [a]lthough said so-called temporary ramp . . . is in process of discontinuance, defendant, as successor in interest to the Authority, has breached its obligations under said Agreement in an arbitrary and confiscatory manner by taking physical possession of the land consisting of approximately 1.11 acres more particularly described in the Quit-Claim Deed designated as Exhibit J to the Agreement and incorporating said land within the layout of I-291 for public use.
Plaintiff further alleges that as a result of the above action, CT Page 10039 defendant "will be physically unable to meet any of its contractual obligations to Taylor Fenn upon final discontinuance of said so-called temporary ramp . . . ." Accordingly, plaintiff claims that it "will be totally deprived of the use of said land [i.e. Exhibit J] for any reasonable and proper purpose resulting in a confiscation or taking by way of inverse condemnation in the constitutional sense." Plaintiff seeks just compensation.
In count two, plaintiff incorporates count one in its entirety and further alleges that "Defendant's actions have resulted in the permanent taking of the Plaintiff's property without due process of law and without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution."
In count three, plaintiff again incorporates count one in its entirety and further alleges a permanent taking in violation of article first, section 8 and section 11 of the Connecticut Constitution.
In its prayer for relief, plaintiff seeks, in pertinent part, a declaratory judgment determining that a taking or confiscation of plaintiff's property by way of inverse condemnation has occurred and the effective date of such taking, monetary damages, and reimbursement for plaintiff's reasonable costs, including attorney's fees.
Pursuant to Practice Book 143(1), defendant has moved to dismiss plaintiff's action against it on the ground that the court lacks subject matter jurisdiction under the doctrine of sovereign immunity.
Plaintiff has filed an objection to defendant's motion to dismiss.
ISSUES
Defendant argues that plaintiff's "taking" claim is a contract claim and is therefore barred by the doctrine of sovereign immunity. Defendant maintains that plaintiff has not alleged sufficient facts to satisfy an exception to the doctrine of sovereign immunity and, therefore, plaintiff's action must be dismissed. Further, defendant argues that plaintiff has failed "to exhaust the administrative remedies available through the CT Page 10040 claims commissioner" pursuant to General Statutes 4-160(a) and that this failure "bars this action from proceeding."
Plaintiff responds, however, that
 sovereign immunity is not a bar to the instant action where, as here, [plaintiff's] equitable interest in the Property and its contractual rights under the Agreement both constitute constitutionally protectable property interests, the taking of which, without just compensation or due process, is not subject to the defense of sovereign immunity.
Plaintiff further argues that because its action is for declaratory relief, sovereign immunity does not serve as a bar to its action. Finally, plaintiff argues that it does not need to seek relief from the claims commissioner because its claim is not one of breach of contract but rather a claim that defendant has violated its constitutional rights under the taking clause.
LAW AND CONCLUSION
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Practice Book 143(1). "[A] motion to dismiss the complaint is, pursuant to Practice Book 143(1), the appropriate procedural vehicle by which to raise a claim that sovereign immunity bars an action." Wiley v. Lloyd, 4 Conn. App. 447, 449, 495 A.2d 1082 (1985). "It admits all facts which are well pleaded . . . and must be decided on that alone." Barde v. Board of Trustees, 207 Conn. 59
(1988).
Although the plaintiff's claim in this case is in three separate counts, plaintiff relies on its allegations of a "taking" in a constitutional sense by the State.[1]
Count one alleges the "taking." Count two, a taking in violation of the Federal Constitution, and count three a taking in violation of the State Constitution.
Although plaintiff, additionally, claims the action is one for declaratory relief, thus eliminating the defense of sovereign immunity, its claim is nonetheless one for damages because of the defendant's alleged breach of its agreement to CT Page 10041 convey parcel "J" to the plaintiff. See Kroszer v. City of New Haven, 212 Conn. 415, 421 (1989); Fetterman v. University of Connecticut, 192 Conn. 539, 550-51 (1984).
Sovereign immunity, thus is a defense to this action unless the defendant has violated the plaintiff's constitutional rights under counts two or three.
The Connecticut Supreme Court has held:
 `We have long recognized the common-law principle that the state cannot be sued without its consent . . . We have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state . . . . Therefore, we have dealt with such suits as if they were solely against the state and have referred to the state as the defendant.' (Citations omitted.) Sentner v. Board of Trustees, 184 Conn. 339, 342, 439 A.2d 1033 (1981). Nevertheless, `[i]n a constitutional democracy sovereign immunity, must relax its bar when suits against the government complain of unconstitutional acts.' Id., 343; Horton v. Meskill, 172 Conn. 615, 624, 376 A.2d 359 (1977). `[T]he doctrine of sovereign immunity is not available to the state as a defense to claims for just compensation arising under article first, 11, of the Connecticut constitution.' Textron, Inc. v. Wood, 167 Conn. 334, 342, 355 A.2d 307 (1974). `When possession has been taken from the owner, damages which he may have suffered . . . .' Trumbull v. Ehrsam, 148 Conn. 47, 55-56, 166 A.2d 844 (1961); see also Simmons v. Parizek, 158 Conn. 304, 307, 259 A.2d 642 (1969); Anselmo v. Cox, 135 Conn. 78, 81-82, 60 A.2d 767, cert. denied. 335 U.S. 859, 69 S.Ct. 132, 93 L.Ed. 405 (1948).
Tamm v. Burns, 222 Conn. 280, 283-84 (1992). "`State officials cannot therefore shield themselves with sovereign immunity if a party alleges and proves that they took or retained his real property in a manner which was either unconstitutional or unauthorized by statute.'" Horton v. Meskill, supra, 625, quoting Simmons v. Parizek, supra, 307. CT Page 10042
Plaintiff's claim in count two is based on an alleged violation of the Fifth and Fourteenth Amendments to the United States Constitution. This count can be disposed of summarily.
The Fifth Amendment serves as a limitation only on the powers of the United States government and affords no ground for relief against the State of Connecticut.
The Fourteenth Amendment to the United States Constitution provides for the protection of the federal courts to individuals whose property is threatened with condemnation by a state without compensation. Tamm v. Burns, supra, 282, n. 1.
Left for the consideration of this court is the plaintiff's invocation of Article First, 11 of the Connecticut Constitution. The doctrine of sovereign immunity is not available to the state as a defense to claims for just compensation arising under this article of the State Constitution. When possession has been taken from the owner, he is constitutionally entitled to any damages which he may have suffered. Tamm, supra, 283.
"The word `taken' in article first, 11 of our state constitution means `the exclusion of the owner from his private use and possession, and the assumption of the use and possession for the public purpose by the authority exercising the right of eminent domain.'" Tamm, supra, 284 quoting Bishop v. New Haven,82 Conn. 51, 58, 72 A. 646 (1909).
 `The rule is firmly established in this state that where no land is physically taken and no interest in it which the law recognizes is extinguished or affected in a manner detrimental to the owner, the prohibition contained in article first, 11, of our constitution against the taking of property for public use without just compensation does not apply.'
Textron, Inc. v. Wood, supra, 347, quoting Benson v. Housing Authority, 145 Conn. 196, 200, 140 A.2d 320 (1958). "A constitutional taking occurs when there is a `substantial interference with private property which destroys or nullifies its value or by which the owner's right to its use or enjoyment is in a substantial degree abridged or destroyed.'" Tamm, supra, 284, quoting Textron, Inc. v. Wood, supra, 346. "To CT Page 10043 survive a motion to dismiss on the ground of sovereign immunity, a complaint `must allege sufficient facts to support a finding of a taking of land in a constitutional sense.'" Id., quoting Horak v. State, 171 Conn. 257, 261, 368 A.2d 155 (1976).
In Tamm v. Burns, supra, the plaintiff brought suit against the Commissioner of Transportation alleging, inter alia, a taking by way of inverse condemnation under article first, 11
of the Connecticut Constitution. Id., 281-82.
The plaintiff alleged that the Commissioner of Transportation constructed a truck weigh station on property adjacent to plaintiff's property and that such construction and other activities on the adjacent property diminished the value of plaintiff's property and caused a portion of plaintiff's property to be "`unable to be utilized for any reasonable and proper purpose.'" Id., 285. After reviewing the allegations of plaintiff's complaint, the court held that "the facts alleged do not demonstrate an interference with the plaintiff's property that `on a substantial degree abridged or destroyed' the value of the property or the plaintiff's use and enjoyment of it. Textron, Inc. v. Wood, supra." Id. The court, therefore, concluded that plaintiff failed to allege sufficient facts to overcome the bar of sovereign immunity, stating:
 [w]e have rejected this claim because it does not conform to our state precedent for such a taking. Id. 289.
The plaintiff has cited a U.S. Claims court decision which reached a contrary conclusion under a somewhat different factual scenario. The U.S. Claims court decision in Illinois v. United States, 19 Cl. Ct. 180 held that failure to respect an agreement resulted in a taking since the entity deprived of its land was no longer compensated for its relinquished property.
The facts of Illinois v. United States, supra, are distinguishable from the case at bar in that in Illinois v. United States, the plaintiff had a "vested right to compensation"; Id., 186; whereas in the case at bar, plaintiff's to the quit-claim deed has not yet vested. Under the agreement, plaintiff's right to the quit-claim deed will not vest until the temporary ramp is discontinued. Therefore, because this condition, i.e. the discontinuance of the temporary ramp, has not yet been satisfied according to plaintiff's own CT Page 10044 allegations in its complaint, plaintiff does not yet have a vested right in the quit-claim deed. Without such a vested right, plaintiff lacks the requisite ownership interest in the subject property which must be alleged to support a "taking" claim. See Tamm v. Burns, supra, 283, quoting Trumbull v. Ehrsam, supra, 55-56; see also Tamm v. Burns, supra, 284, quoting Bishop v. New Haven, supra, 58.
It is clear to this court that to conclude that a taking has taken place under the factual allegations of the complaint in this case would be an expansive view of the taking clause in article first 11 of our State Constitution.
In Tamm v. Burns, supra, 289, the court said that `[b]efore embarking on a consideration of whether we should take a more expansive view of the taking clause in article first, 11 of our State Constitution, we must be sure that no other remedy is available to compensate the plaintiff for the losses alleged."
The court proceeded to point out that the legislature has provided an "alternate forum for claims against the state that are barred by sovereign immunity": the office of the claims commissioner. Id.; see General Statutes 4-141 et seq. General Statutes 4-160(a) provides that "[w]hen the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." General Statutes 4-160(a). Accordingly, the court concluded as follows:
 Since we have concluded that the plaintiff's claim does not fit the precedential mold for a constitutional taking claim, he must exhaust the claims commission remedy, which is available for nonconstitutional claims, before proceeding further with his claim of a violation of his constitutional rights. Doe v. Heintz, 404 Conn. 17 37, 526 A.2d 1318 (1987); McNish v. American Brass Co., 139 Conn. 44, 53, 89 A.2d 556
(1952), cert. denied, 344 U.S. 913, 73 S.Ct. 336, 97 L.Ed. 704 (1953).
Inasmuch as there is another remedy available to the plaintiff, it would be improper for this court to adopt an expansive view of the taking clause in this case.
CT Page 10045 The plaintiff's complaint must fail now for yet another reason. In this case, the agreement between the plaintiff and the defendant provides that when the so-called temporary ramp is discontinued, the defendant will execute and deliver a quit-claim deed to plaintiff. Plaintiff acknowledges in its complaint that the temporary ramp has not yet been discontinued, but proceeds to allege that defendant has "breached its obligations under said Agreement . . . by taking physical possession of the land" described in the quit-claim deed and "incorporating said land within the layout of I-291 for public use." Plaintiff further alleges that defendant "will be physically unable to meet any of its contractual obligations" to plaintiff "upon final discontinuance of said so-called temporary ramp;" (Emphasis added); and that plaintiff "will be totally deprived of the use of said land for any reasonable and proper purpose resulting in a confiscation or taking by way of inverse condemnation in the constitutional sense." (Emphasis added). Plaintiff's allegations that a taking will occur at some future date not yet determined, as has been previously pointed out, admits that plaintiff's rights have not yet vested and are therefore insufficient to support plaintiff's present claim of a taking by way of inverse condemnation.
Plaintiff's allegations are therefore insufficient at this time to support an unconstitutional taking under Connecticut law and, accordingly, plaintiff has failed to overcome the sovereign immunity bar.
Defendant's motion to dismiss on the ground that the court lacks subject matter jurisdiction under the doctrine of sovereign immunity is therefore granted.
FREED, J.