[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 23, 1995
The Plaintiff, Frank S. Maco, has brought this lawsuit seeking a temporary and permanent injunction prohibiting the Defendant, the Statewide Grievance Committee, and any of its reviewing committees or panels from taking any further action on a grievance complaint filed against him pursuant to Practice Book Section 27F. The Plaintiff is the State's Attorney for the Judicial District of Litchfield.
In October 1993, a complaint was filed against the Plaintiff by one Woody Allen concerning statements made by the Plaintiff when he announced his decision not to prosecute Allen on the basis of certain allegations made against Allen. The complaint was forwarded to the local Litchfield Judicial District Grievance Panel which investigated the matter and, pursuant to Practice Book Section 27F(g), filed with the Defendant its determination that there existed no probable cause of misconduct.
Pursuant to Practice Book Section 27J, the Defendant reviewed the local panel's determination and reversed the same, concluding that probable cause did exist. The Plaintiff asserts that the Defendant's action is invalid for a number of reasons including violation of applicable Practice Book requirements and its own Rules. In addition, Plaintiff asserts that as he is a constitutional officer in the executive department of the State under Article XXIII (amending Article Fourth) of the State Constitution, the Defendant's attempted exercise of jurisdiction over him violates the separation CT Page 469-V of powers mandated by Article Second.
The Plaintiff filed this lawsuit in the Judicial District of Litchfield. The Defendant has moved to dismiss under Practice Book Section 143(3) for improper venue. General Statutes Section 51-345 establishes venue in civil actions. That section provides in pertinent part as follows:
 Sec. 51-345. Venue in civil actions. Return of civil process. (a) Actions in general. Except as provided in section 51-348 and subsection (b) of this section, all civil process shall be made returnable to a judicial district, as follows:
 . . . 3) If either or both the plaintiff or defendant are residents of this state, to the judicial district where either the plaintiff or defendant resides . . .
The Plaintiff concedes that as he resides in the Judicial District of Fairfield, venue is proper in Litchfield only if the Defendant resides in the Judicial District of Litchfield.
The Statewide Grievance Committee is authorized by Practice Book 27G and General Statutes Section51-90. It is a committee of fifteen persons appointed by the judges of the Superior Court. The committee is not a state agency as defined in General Statutes Section 4-166(1) of the Uniform Administrative Procedure Act (UAPA). Sobocinski v. Statewide GrievanceCommittee, 215 Conn. 517 (1990). Rather, it is an arm of the judiciary, as part of the inherent authority of the judiciary concerning the regulation of attorney conduct.Statewide Grievance Committee v. Rozbicki,211 Conn. 232, 239 (1989). See Practice Book Section 27B et seq. and the parallel provisions of General Statutes Section 51-90 et seq.
There is no provision in the applicable statutory or Practice Book sections or in its own regulations establishing the residence of the Statewide Grievance Committee for purposes of venue. The Plaintiff concedes that the Defendant has offices in Hartford.[1] However, the Plaintiff asserts that as the Defendant is neither a CT Page 469-W corporation, and thus a fictional person, nor a person, but rather is an unincorporated association, the location of its office is not its residence for purposes of venue. Instead, Plaintiff contends that venue may be established in any judicial district in which any member of the Committee resides. It was stipulated at the hearing on this motion that at the inception of this lawsuit, two Committee members resided in the Judicial District of Litchfield.[2]
In support of its position, Plaintiff relies upon Woodv. The Hartford Fire Ins. Co., 13 Conn. 202 (1839).Wood involved a precursor to Gen. Stats. Sec. 51-345. The venue statute then in issue provided:
 that all actions brought before the county and superior courts, shall be brought and tried in that county where the plaintiff or defendant dwells, if either of them are inhabitants of this state; but if neither the plaintiff nor defendant are inhabitants of this state, then the suit shall be brought and tried in the county where the defendant is, when the suit is commenced.
Id., 208. Although the defendant corporation maintained an office in Hartford, as required by its charter, the court felt bound by its holding in a prior case[3] that the defendant corporation was not an inhabitant of Hartford within the meaning of a taxing statute. The court was now faced with a dilemma. If the defendant was not amenable to suit, the plaintiff would be left without a remedy, since he was not an inhabitant of this state. To avoid this undesirable result, the court held that suit could properly be maintained in New Haven County, where stockholders of the defendant resided and where the defendant also maintained an office.
Wood was quickly limited to its "very peculiar state of facts." Middlebrooks v. The Springfield Fire InsuranceCompany, 14 Conn. 301, 308 (1841). "[R]ather than that there should be an entire failure of justice, and the defendants be exempted from all responsibility, the court [in Wood] located them in a particular county of the state, in which state they confessedly CT Page 469-X existed. . ." Id., 309. Wood is inapposite.
In determining the status of the Defendant for venue purposes, the Court may look for guidance to decisions regarding state agencies. Pinsky v. StatewideGrievance Committee, 216 Conn. 228, 234-35
(1990). In Simmons v. Parizek, 158 Conn. 304 (1969), the plaintiff brought an ejectment action against the defendants as duly appointed members of the aeronautics commission of the State. Simmons held that the trial court was correct in treating the suit as a suit against the State, the real party in interest. Accord:Fetterman v. University of Connecticut, 192 Conn. 539
(1984) (suit against University of Connecticut officers, members of its board of trustees, and members of state employees retirement commission, in their official capacities was suit against the State).
In Hopkins v. Pac, 180 Conn. 474 (1980), the issue was whether the Indian Affairs Council authorized by General Statutes Section 47-59b, was a "state agency" as defined in Section 4-166(1) of the UAPA. The Council consisted of eight persons, five appointed by their respective designated tribes, and three appointed by the Governor. After examining the powers and duties of the Council, the court held that the Council indeed was a state agency. The court reasoned as follows:
 It is evident that the IAC plays a vital role in the effectuation and administration of state policy and, as such, acts as the agent of the state within the scope of its authority.
Id., 479
Likewise, the Statewide Grievance Committee plays a vital role in the effectuation and administration of the policy of the judiciary, namely the regulation of attorney conduct. As such, the Defendant Committee is an agent of the judiciary within the scope of its authority, and possesses a legal status separate and apart from that of its members. Accordingly, the Defendant's "residence" for purposes of venue is not that of its members. As the defendant is not a resident of the Judicial District of Litchfield, venue therein does CT Page 469-Y not lie.
This does not end the inquiry. General Statutes Section 51-351 provides in its entirety that "[n]o cause shall fail on the ground that it has been made returnable to an improper location." This statute applies to all civil actions, and evinces "the legislature's intention . . . to provide the remedy of transfer rather than dismissal in such a situation." Sprague v. Commissionon Human Rights Opportunities, 3 Conn. App. 484,486-87 (1985). Moreover, both General Statutes Section51-347b and Practice Book Section 212 authorize the transfer of any action[4] by order of the Court on its own motion or the motion of any party. Both parties have requested transfer in the event, as the Court has found, that venue in Litchfield is not proper.
The parties acknowledge that the choices for transfer are either the Judicial District of Fairfield, in which the Plaintiff resides, or the Judicial District of Hartford-New Britain, in which the Defendant maintains its office. The Court opts for the Judicial District of Hartford-New Britain at Hartford.
The grounds for transfer to Hartford are substantial. All records, meetings, correspondence and functions of the Defendant are kept or held at, or otherwise coordinated from, its office in East Hartford. Affidavit of Suzanne E. Caron, Chairperson. Service of this lawsuit was made on Attorney Caron at Defendant's office in East Hartford. Moreover, perhaps in recognition that litigation involving the Defendant should be heard in the judicial district in which it is located and from which it operates, and perhaps also in response to appeals such as Pinsky, supra, brought in other judicial districts, Practice book Section 27N was enacted, effective October 1, 1991. This section provides in pertinent part that appeal from a decision of the Defendant reprimanding the respondent "shall be filed with the clerk of the superior court for the judicial district of Hartford-New Britain at Hartford. . ." The Court finds these grounds persuasive.
For rulings in other jurisdictions that proper venue for lawsuits against state agencies or officials is at the CT Page 469-Z location of their principal offices, see, e.g., Commissionon Ethics v. Lancaster, 421 So.2d 711 (Fla.App. 1982);Application of Normandy Village Co. et al. v.Lefkkowitz, 388 N.Y. Supp.2d 64 (1976).
The Court issues the following rulings and orders:
1. Venue in the Judicial District of Litchfield is improper.
2. Venue is proper in the Judicial District of Hartford-New Britain at Hartford.
3. Pursuant to General Statutes Sections 51-351
and 51-347b, and Practice Book Section 212, this lawsuit is transferred to the Judicial District of Hartford-New Britain at Hartford.